Besshears v. Rowe.,

WM. B. BESSHEARS, Appellant, *v.* JOHN S. ROWE, Respondent.

46 501
40a 601

1. *Frauds, statute of*—*Undertaking to pay debt of another being also to pay one's own debt, not in statute.*—Where a person, being indebted to the defendant in a judgment, undertook, by mutual agreement with the defendant and plaintiff therein, to pay the amount of the judgment to the latter, and by that act canceled so much of his own liability to the defendant, the promise was binding on him, although not in writing. When one undertakes to pay the debt of another,.and by the same act also pays his own debt, which was the motive of .the promise, the undertaking is not within the statute of frauds (Wagn. Stat. 656, § 5), and need not be in writing.

2. *Practice, civil*—*Proceedings under statute to reinstate judgment*—*Specific issues may be submitted to the jury.*—A proceeding under the statute (Wagn. Stat. 1137, §§ 14, 15) for the reinstatement of a judgment, whereof the record has been lost or destroyed, is not by motion, but upon petition and answer, as in ordinary cases at law; and the case need not be submitted to the court alone without the aid of a jury, nor need the opinion of the jury be taken upon the whole case, but the court is authorized by the statute (Wagn. Stat. 1041, § 13) to take their findings as to any specific questions of fact upon issues framed for that purpose, without being required to submit to them all the issues arising on the pleadings. The authority to do so is not limited to chancery proceedings.

*Appeal from Sixth District Court.*

*Hayden, Gatewood & Buckner,* for appellant.

I. The question at bar was exclusively for trial by the court, just as a motion to quash an execution, or to have satisfaction of a judgment entered of record.

II. But if it was proper to call a jury, then the whole issue should have been submitted to a jury, subject to instructions from the court. There is no warrant for framing special issues and submitting them to a jury. The only cases in which they are authorized are specified in sections 12 and 13, Wagn. Stat. 1041. This provision is well understood to apply to those cases under our practice which, before its adoption, would have been bills in equity; and this case not being a bill in equity or chancery proceeding, but purely statutory, it can not apply to it.

III. The contract of Brown to pay the debt of Rowe to Besshears, not being in writing, is within the statute of frauds, and was not obligatory on Brown. (Fullam v. Adams, 4 Am. Law

Reg., N. S., 460 *et seq.*, and note of Redfield, J. ; Bro. Frauds, 201–3; *id.* 193; Curtis v. Brown, 5 Cush. 492; Nelson v. Boynton, 3 Metc. 396; Mallory v. Gillett, 21 N. Y. 412; Watson v. Randall, 20 Wend. 201.)

*E. A. Lewis,* and *McKee, Sanders & Carkener,* for respondent.

I. The issues of fact were properly framed and properly submitted to a jury. (Wagn. Stat. 1041, § 13; Morris v. Morris, 28 Mo. 114.)

II. The agreement in the case at bar was not within the statute of frauds. It was not a guaranty or undertaking on the part of Brown to answer for the debt, default, or miscarriage of Rowe, but a total extinguishment of Rowe's debt, and a new debt or obligation assumed by Brown on his own account, for valuable consideration.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding under the statute (2 Wagn. Stat. 1137, §§ 14, 15) for the reinstatement of a judgment rendered May 30, 1860, for $1,224.70, the record of it having been destroyed. The answer admits the rendition of the judgment, and then proceeds to show a state of facts which are supposed to operate a release and satisfaction of it as against the defendant.

It is averred that defendant bargained to one Brown certain real estate, which was subject to the lien of a judgment, for the sum of $3,250; that prior to a conveyance of the property it was mutually arranged between Brown (the plaintiff) and defendant, that the amount of the plaintiff's judgment should be deducted from the purchase money, and that Brown should pay that sum directly to the plaintiff; that the defendant should make an absolute conveyance to Brown, with the usual covenants of warranty, and that the plaintiff should release and discharge the defendant from said judgment, in consideration of Brown's verbal promise to pay it. It is further shown that this was a joint arrangement entered into by the three parties at the same time; that the defendant conveyed to Brown by warranty, and

Besshears v. Rowe.

that Brown assumed the payment of the judgment, and that he did pay a part of, to-wit : $800.

Such is the substance of the answer. Assuming the facts to be as stated, was the defendant thereby discharged from the judgment? If Brown, instead of a verbal promise, had given his note to the plaintiff for the amount of the judgment, and the plaintiff had taken that in discharge of the judgment debtor, I suppose there would be no question that the transaction would have released the defendant effectually. Did Brown's verbal promise, in connection with the other facts, have that effect? That is the principal question for consideration.

It is claimed that Brown's verbal promise was void, as being within the statute of frauds. The statute provides that no action shall be brought to charge any person upon any special promise to answer for the debt of another, unless the promise is in writing and signed by the party to be charged. .

Brown's undertaking was to pay the judgment debt against the defendant, and the undertaking was not in writing ; it was merely verbal. Hence it is claimed that Brown's undertaking was within the statute, and therefore void. If that is so, it furnished no consideration for the agreement on the part of the plaintiff, and so the whole arrangement would fall to the ground.

The clause in the statute of frauds, referred to above, and upon which the plaintiff relies, has been the subject of a multitude of adjudications. The constructions of it have been various and conflicting. This rule, however, seems to be well established, and to rest on solid ground, namely : that when one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute, and need not be in writing. In such a case the promise of the party is rather to pay his own debt than an undertaking to pay the debt of another. This doctrine is sustained by the following decisions among others : Dearborn v. Parks, 5 Greenl. 81 ; Farley v. Cleveland, 4 Cow. 432 ; Barker v. Bucklin, 2 Denio, 45 ; Fullam v. Adams, 37 Verm. 391. The opinion in Fullam v. Adams is thorough and exhaustive. See Judge Redfield's review of it in 4 Am. Law Reg., N. S., 473.

The facts alleged in the answer bring the case fully within the rule stated above. These facts, in substance, are that Brown purchased from defendant a quantity of land for a sum considerably more than sufficient to pay the defendant's indebtedness to the plaintiff; the defendant set apart enough of the purchase money to satisfy that indebtedness; and Brown verbally promised the plaintiff to pay to him the amount of the judgment, the defendant concurring therein; and the plaintiff, in consideration of the premises, agreed to discharge the judgment as against the defendant. In a word, Brown undertook, in concurrence with both the other parties, to pay the amount of the judgment to the plaintiff, and by that act canceled so much of his liability to the defendant. That promise was binding upon him, although not in writing.

But objection is taken to the mode of trial. The plaintiff, by his replication, put in issue the facts alleged in the answer, except as to the payment of the $800. The court framed and submitted to a jury two specific issues of fact growing out of the pleadings. Under these issues the jury found substantially that the plaintiff, after the rendition of said judgment, agreed with defendant and Brown to accept the verbal promise of the latter in satisfaction of said judgment; and further, that such agreement was mutually entered into between the parties at or after the sale to Brown, and prior to the defendant's conveyance to him.

The defendant objected to the submission of these issues, claiming that the trial should be by the court alone, without the aid of a jury; and further, that if the opinion of a jury was taken at all, it should be upon the whole case as made by the pleadings, and not upon isolated facts.

In regard to this matter it is to be observed that this proceeding is not by motion, but upon petition, answer, and replication, substantially as in "ordinary cases at law." (Wagn. Stat. 1137, § 15.) In such cases, where the suit is not for the recovery of money alone, or of specific real or personal property, the court is authorized by the statute (Wagn. Stat. 1041, § 13) to take the opinion of a jury upon "any specific question of fact" involved in the trial, proper issues being framed and submitted to

the jury for that purpose. The statute is broad and comprehensive in its terms, and recognizes no such limitations as the plaintiff insists upon. This is not an action for the recovery of money only, or of specific real or personal property, and we see no objection to the course adopted by the court in taking the opinion of a jury upon the issues submitted. The authority to do so is not limited to chancery proceedings. Bray v. Thatcher, 28 Mo. 124, was an equity suit to annul a deed, and the court submitted the whole case to the jury without framing specific issues for their consideration. That was held to be improper, as it undoubtedly was. But no one doubts the propriety, in such case, of taking the opinion of a jury upon specific questions of fact "by an issue made up therein for that purpose." That is exactly what the statute authorizes.

It being proper for the court to submit to the finding of a jury specific questions of fact, upon issues framed for that purpose, it follows that it was not the duty of the court to submit to the jury all the issues arising upon the pleadings. Besides, the plaintiff did not ask a jury, but objected to the case, or any part of it, going to a jury at all.

Judgment affirmed. The other judges concur.