WILLIAM FLANAGAN, Plaintiff in Error, *v.* ELIJAH HUTCHINSON, Defendant in Error

1. *Judgment — Where motion to dismiss was granted, judgment thereon may be final.* — Suit was dismissed on motion, and the court thereupon rendered judgment in favor of defendant for costs, and awarded execution accordingly. *Held,* that the judgment, though informal, was nevertheless final.

2. *Contract — Consideration — Promise given in consideration of a sale — Statute of frauds.* — A. being indebted to B. for the purchase of goods, sold them to C., who, in consideration of the sale from A. to himself, promised A. to pay his debt to B. *Held,* that the sale was a good consideration for the promise; that B. might sue C. upon it in his own name, and that the promise need not be in writing.

### Error to First District Court.

This was a suit begun by attachment. Judgment by default was rendered against defendant. Afterward the judgment was set aside on motion of defendant, who thereupon demurred to the petition. The demurrer was sustained, and the plaintiff excepted. Then on motion of defendant the court dissolved the attachment and dismissed the cause, gave judgment for costs and charges, and ordered execution.

For statement of the case see also opinion of the court.

*T. W. B. Crews*, for plaintiff in error.

The judgment rendered in the Circuit Court was final. (3 Iowa, 261; 4 Iowa, 340; 16 Iowa, 530; 21 Iowa, 298.) Mere clerical misprisions should not be permitted to vary the effect of a judgment or to thwart the ends of justice. (Gibson v. Chouteau's Heirs, 45 Mo. 171.)

*Lewis & Daniel*, for defendant in error.

I. There is no final judgment of Circuit Court in this cause. (Robinson v. County Court of Morgan County, 32 Mo. 428; Pacific R.R. Co. v. Burger, *id.* 578.)

II. Defendant's demurrer should have been sustained. (Chit. Cont. 26, 29; Block v. Elliott, 1 Mo. 275; Mullanphy v. Reilly, 8 Mo. 675; Brainerd v. Capelle, 31 Mo. 428; Edgell v. Tucker, 11 Mo. 528.)

III. A promise, even in writing, to pay a debt already incurred by a third person, is not available unless it be made on a new consideration. (Chit. Cont. 53, note, and cases cited; *id.* 436, and note.)

CURRIER, Judge, delivered the opinion of the court.

This cause was appealed from the Circuit Court by the plaintiff. It is objected that the record fails to show a final judgment. The suit was dismissed on motion, and the court thereupon rendered judgment in favor of the defendant for costs, and awarded execution accordingly. The judgment, as shown by

the record, was informal; it was, nevertheless, final.   The case was definitely disposed of and out of court.   There was nothing further for the court to do in respect to it.

In the progress of the cause a demurrer to the petition was sustained, and the plaintiff excepted and stood upon his exception. The sufficiency of the petition is, therefore, up for consideration. It shows, in brief, that the plaintiff sold a quantity of wheat to one Hesse for a given sum; that Hesse sold the same wheat, with other property, to the defendant, and that the defendant thereupon, in consideration of said sale, promised Hesse to pay his (Hesse's) debt to the plaintiff, and that the defendant in fact did pay the larger portion of said debt to the plaintiff, as he had agreed to do.   This suit is brought to recover the unpaid balance.

It is objected that the petition fails to show a consideration for the defendant's promise to pay Hesse's debt to the plaintiff.   The sale of the wheat by Hesse to the defendant, averred in the petition, was a good and sufficient consideration for the promise; and it was decided in Meyer v. Lowell, 44 Mo. 328, that the party for whose benefit the promise, in such a case, is made, may sue upon it in his own name.   Nor was it necessary that the promise should be in writing.   (Howard v. Coshow, 33 Mo. 118; Besshears v. Rowe, 46 Mo. 501.)

The demurrer was improperly sustained, and the judgment will be reversed and the cause remanded.   The other judges concur.