Church, Ch. J.
If the parties had expended, in the repairs of the ditch in controversy, one-half of the amount *277 incurred in the prosecution and defence of this action, their respective farms would have been protected from injury by the overflow of water, and those fraternal relations which ought to exist between brothers, might have remained unimpaired. The slightest attention to the spirit of the golden rule, would have induced an adjustment of the points in' dispute to the mutual satisfaction and advantage of both. But we can only deal with their legal rights and obligations.
The father and grantor of both parties had, before the conveyances to them, cast the burden (if burden it was) of the stream which ran through his lands upon the parcel conveyed to the defendant, by cutting an artificial ditch through it to convey the water of the stream into Cushequa creek.
When an owner of land has permanently and visibly changed its condition by effecting an advantage to one part and burdening another — upon a severance of the ownership, the respective owners hold the land according to such changed condition. (Lampman v. Milks, 21 N. Y., 505, and cases cited.) This presents a plain case within the general rule. The plaintiff’s land was, therefore, relieved from the water of this stream, and the defendant’s land burdened with it. If the ditch got out of repair by reason of floods or washing away its banks, or otherwise, it was the legal right of the plaintiff to repair it, so as to restore it to its original condition, and make it subserve the purposes which it originally effected, of carrying"off the water of the stream. He was entitled to have the ditch kept up as it was when he purchased, and to keep it in that condition, and, if necessary, to enter upon the defendant’s land to make repairs, doing no unnecessary injury. (Washburn on Easements, 566,567.) But he had no right to substantially change the condition of the ditch, to the injury of the defendant’s land. The artificial channel was intended to and did carry off the water in its ordinary stages, but was not sufficient for freshets or unusual floods. The plaiutiff had no right to change its character in this respect, and consequently no right by the construction of barriers or embankments to cause more water to flow upon *278 the defendant’s land, in times of freshet or flood, than when the channel was made. If such unusual barriers were erected upon the defendant’s land, it was his legal privilege to reduce them to the proper standard, but would not justify an unnecessary destruction of the entire structures. The legal rights of the parties accord with sentiments of abstract justice.
The Special Term found against the defendant, and the judgment was affirmed at the General Term, and the only question for this court is to determine whether any legal error was committed on the trial. The finding of facts, if sustained by any evidence, is conclusive.
It is not found that the barriers erected by the plaintiff, and which were torn down by defendant, were higher than the original banks, or than were sufficient to turn the water of the stream into the ditch in ordinary stages. It is claimed, however, by the learned counsel for the appellant, that the undisputed evidence establishes this, fact, and for that reason the court should have nonsuited the plaintiff. Conceding the tact, it does not follow that the plaintiff should have been nonsuited, for the reason that the evidence tended to show that the defendant tore down the barriers below the point at which it is admitted they might be maintained. If this had been necessary, in order to remove the excess of height, it might have been justified ; but if done unnecessarily in denial of the right of the plaintiff to maintain any barriers, the defendant was in the wrong. The judge found that the whole embankment was torn down, and under such circumstances as to evince a purpose to remove all banders, and to signify on the part of the defendant a denial of the plaintiff’s right to keep the ditch open and in repair; and as the evidence tended to sustain this finding, the denial of the motion for a nonsuit was not error. It is true that courts will not deny a party his legal rights, because they do not approve of the motive for insisting upon them; but it was not, as we have seen, the legal right of the defendant to tear away the whole embankment, and when he did so—not as a necessary consequence of *279 removing a portion of it, but in furtherance of an intention to resist the right of the plaintiff to have the water turned into the artificial channel, and to have the channel maintained and kept in suitable repair—he violated the plaintiff’s rights, and rendered himself amenable to the preventive process of the court.
It is also insisted that the defendant was justified in tearing down the barriers, because plank and limbs of trees were used instead of earth, of which they were originally constructed. The learned judge found that the erections were suitable and proper; and, besides other evidence to sustain this finding, it was proved that at one time the defendant himself assisted, after a flood, in erecting the barriers, which were partly composed of planks and sticks. This evidence was not important to establish a license, but it was indicative of the opinion of the defendant that the material was proper, and of his consent that those particular barriers, at least, might be made of other material than earth. There might be a case where a change in the material and substantial character of an embankment would be injurious to a party by preventing percolation and by turning more water upon him than the original structure, and by destroying shrubbery or other ornamentation; but this court would not be justified, as against an express finding of Suitability, in holding as a question of law that the introduction of some new material, appropriate to strengthen the bank and prevent its washing away, was such an invasion of the defendant’s rights as to justify him in destroying it.
The judgment rendered was in precise accordance with the rights of the parties; it adjudged the right of the plaintiff to have the ditch kept open and in repair, and enjoined the defendant “ from obstructing the same, and from hindering all proper repairs of the ditch or its banks essential to enable it to confine and convey off within its banks all the ordinary waters of said natural stream.” The court did not undertake to determine the height of the barriers which the plaintiff could erect, nor whether those which had been *280 erected were of the proper height, but provided in the judgment for determining that question by reference to an engineer or other suitable person. The papers show that such referee was appointed, and the particular height of the barriers designated, as we must presume, in accordance with the judgment and the rights of the parties.
The question to the plaintiff, whether he had not made an affidavit stating that the barriers of planks, etc., were put up before the conveyance by his father, was not material. The fact, if true, would have strengthened the plaintiff ’s case; and his asserting it would scarcely tend to weaken 'his credibility, but, if important, the affidavit should have been produced.
The judgment must be affirmed.
All concur.
Judgment affirmed.