WILLIAM S. BARKER, Respondent, *vs.* WILLIAM H. SCUDDER, Appellant.

1. *Statute of frauds—Verbal agreement, when not within.*—The question whether or not a verbal contract comes within the statute of frauds, depends wholly upon the agreement. If the party agrees to be originally bound, the contract need not be in writing, but if his agreement is collateral to that of the principal contractor, or is that of a guarantor or a surety for another, then the agreement must be in writing.

2. *Guaranty, verbal—What necessary to constitute.*—To constitute a verbal guaranty or personal undertaking, it is unnecessary that the word "guaranty" should be used. But is sufficient if, in view of all the circumstances attending the transaction, the ingredients necessary to constitute such a guaranty, viz.: the intention of the one party that his affirmation should operate as an inducement to the other party to buy or receive the thing, and the acceptance of a reliance upon such inducement by the latter, be shown to exist.

3. *Guaranty—Notice of non-payment—Unnecessary, when.*—Where one knowing of the existence of certain notes personally guarantees their payment, notice of non-collection is not necessary in order to bind him. The extent of his obligations in such case is not within the peculiar knowledge of the opposite party, so that information touching the same ought to be communicated to him; but he has the means of knowledge at his own command.

*Appeal from St. Louis Circuit Court.*

*John W. Noble,* for Appellant.

I. Notice should have been averred and proved. (Lewis vs. Bradley, 2 Ired., 305; Herring's case, Cro. Jac. 432, 2 Saund., 62; Rex vs. Holland, 5 Tenn., 62; Spooner vs. Baxter, 16 Pick, 419; Greece vs. Ricks, 3 Dev., 362; Adcock v. Fleming, 2 Dev. & Bat., 470; Lewis vs. Brewster, 2 McLean, 31; Sage vs. Wilcox, 6 Conn. 31; Rankin vs. Childs, 9 Mo., 674.)

*Hamilton & Musser,* for Respondent

I. Notice of non-payment was not necessary. (2 Am. Lead. Cas. 60, 133; Stern vs. Marks, 35 Barb., 565; Lampherd vs. Cowan, 42 Verm., 175; James vs. Scott, 59 Pa. St., 182; 2 Am. Lead. Cases, [5th. Ed.] 59; Vinal vs. Richardson, 13 Allen, 527; Montgomery vs. Kellops, 43 Miss. 496; Hall vs. Rogers, 7 Humph., 541; Craig vs. Parker, 40 N. Y., 181.)

Barker v. Scudder.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a verbal guaranty. The petition set forth that plaintiff sold defendant a certain lot of ground in consideration that defendant would pay off and discharge an encumbrance on the same for $5,000, and pay plaintiff a further sum of $5,000; that defendant paid plaintiff $241 in cash, and for the balance of the $5,000 delivered two certain notes of Barton Able, indorsed by Dan. Able, each for $2,379.50, at sixty and ninety days, which notes defendant then and there guaranteed and promised the plaintiff would be paid at the times they fell due respectively, or, if not paid at maturity, could be collected in full of said Ables by legal process; that plaintiff relied on said assurance and guaranty of the defendant, that the same would be paid by said Ables at maturity, or could be collected from them by process of law; that the notes were not paid; that the Ables, at maturity of said notes, were insolvent, and continue so; that suits were commenced at terms of the court next following maturity, judgments obtained and writs of execution returned unsatisfied, of all which defendant then and there had notice, and the prayer is for judgment for the amount of the notes, interest and costs.

The answer denied all the material averments in the petition, and also pleaded the statute of frauds.

The trial was before the court sitting as a jury, and there was a great deal of conflicting testimony introduced in reference to the agreement of the parties, as to how or under what circumstances the notes were received by the plaintiff. At the request of both parties, the court made a special finding of facts. The finding was that the defendant agreed with the plaintiff to assume and pay, as part of the consideration and purchase money, for the lot sold and conveyed to him (and which he did subsequently pay off), an incumbrance of $5,000 existing on said lot; that in addition thereto, and for the balance of said purchase money, defendant agreed to pay plaintiff the sum of $5,000; that the defendant paid to plaintiff, in money, or his check therefor, the sum of $241,

and for the balance of said $5,000 delivered to said plaintiff the two notes, mentioned in the petition, dated October 17, 1868, made by Barton Able, payable to the order of Daniel Able, and indorsed by the latter, each for the sum of $2,379.50, payable respectively at sixty and ninety days after date, with interest at six per cent. per annum from date; that for the purpose of inducing the plaintiff to take the said notes on account of the said purchase money, the defendant promised and assured the plaintiff that the same would be paid when they fell due, and, if not paid, they could be collected by plaintiff of said Ables; that in taking said notes on account of said purchase money the plaintiff relied upon the said assurance and promise of the defendant; that the said notes above described were the only ones that were ever delivered or came to the possession of the plaintiff; and to which alone the said oral guaranty applied; that said notes not being paid at maturity, were duly protested for non-payment, and notice of the non-payment and protest of the first falling due was immediately thereafter given by plaintiff to defendant, but no notice was given of the non-payment or protest of the second of the said notes, nor was any notice given to the defendant of the result of the suits next hereinafter mentioned; that suits were instituted by the plaintiff on the said two notes against the said Ables at the term of the St. Louis Circuit Court next succeeding the respective maturity thereof, which suits were diligently prosecuted to final judgment, on which judgments executions were duly issued to the sheriff of the county of St. Louis, returnable to the term of the said court next succeeding said judgments, which executions were duly returned by the said sheriff *nulla bona,* and said notes still remain wholly due and unpaid; that the said Ables, at the maturity of said notes, were insolvent, and have ever since continued to be insolvent; and the plaintiff in court tenders to the defendant assignments of the said judgments. The court therefore found the issues for the plaintiff, and declared the law accordingly, and gave judgment for the amount of the principal and interest of the notes so found to be guaranteed.

The finding of the facts made by the court must be regarded here as the special verdict of a jury, and the question we are to determine is whether the court correctly declared the law as applicable to those facts.

The statute of frauds, though relied on in the answer and saved in the case, was not much insisted upon in the argument. According to the agreement of the parties at the time the contract was entered into, as found by the court, there was no necessity for reducing it to writing, in order to render it valid. The question whether a verbal contract comes within the statute of frauds or not, depends wholly upon the agreement. If the party agrees to be originally bound, the contract need not be in writing; but if his agreement is collateral to that of the principal contractor, or is that of a guarantor or a surety for another, then the agreement must be in writing. (Glenn vs. Lehnen, 54 Mo. 45; Kratz vs. Stock, 42 Mo., 35; Besshears vs. Rowe, 46 Mo., 501.)

The agreement in the present case was to pay the debt of the defendant himself and not the obligation of the Ables. The substantial and meritorious consideration for defendant's promise was the deed from the plaintiff, out of which defendant's liability accrued. We, therefore think that the statute of frauds does not apply, and that no writing was necessary to support the promise.

It is objected here that the court improperly excluded evidence offered by the defendant to show what was the actual value of the lot. But in this ruling there was no error. The parties had agreed upon a certain price, and the question as to whether it was too much or too little was not in the case. The real point was as to whether there was an agreement, as alleged in the petition, and whether there was a guarantee on the part of the defendant that the notes on the Ables should be paid.

To constitute a verbal guaranty or personal undertaking it is not necessary that the word "guaranty" should be used; but it is sufficient if, in view of all the circumstances attending the transaction, the necessary ingredients to constitute

such a guaranty, namely: the intention of the one party that his affirmation should operate as an inducement to the other party to buy or receive the thing, and the acceptance of, and reliance upon such inducement by the latter be shown to exist (Edwards vs. Marcy, 2 Allen, 490; Carter vs. Black, 46 Mo., 384). Now, the finding of the court was, that, for the purpose of inducing the plaintiff to take the notes on account of the purchase money, the defendant promised and assured him that the same would be paid when they fell due, and if not paid then they could be collected of the Ables; and that in taking the notes the plaintiff relied upon the assurances and promise of the defendant. This certainly was all that was necessary to fix the defendant's liability.

The only remaining question to be considered is whether the plaintiff's failure to give notice that the notes were not collected impairs his rights in the present action. In this State the law is well established that where an offer or proposal is made to guaranty the payment of future advances to be made to the principal of the guarantor, there should be a distinct notice of acceptance in order that the guarantor may know his liability, and have the means of arranging his relations with his principal, and may take from him security or indemnity. (Central Sav. Bank vs. Shine, 48 Mo., 456; Smith vs. Anthony, 5 Mo., 504; Rankin vs. Childs, 9 Mo., 665.) But there is an obvious distinction between an overture or proposition to guaranty, and a simple contract to be directly liable. The reason for the rule which requires notice is that the guarantor may know distinctly his liability, and be enabled to arrange his relations with the party in whose favor the guaranty is given. If he makes a proposition for an advancement he should be informed of its acceptance, but where he directly agrees and binds himself to be answerable for a specific sum under certain designated circumstances, he knows and has the means within his own hands of determining the extent of his obligations. In Vyze vs. Wakefield, (6 M. and W., 442), where this subject was thoroughly discussed, Lord Abinger sums up the rule as extracted and deduced from the

State, ex rel., v. City of St. Louis, et al.

authorities thus: "The rule to be collected from the cases seems to be this, that when a party stipulates to do a certain thing in a certain specific event, which may become known to him, or with which he can make himself acquainted, he is not entitled to notice unless he stipulates for it; but when it is to do a thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given him." This interpretation of the cases on the subject seems to be entirely sensible and satisfactory. The question now is, under which branch of this proposition does the case at the bar fall? The defendant knew of the existence of the notes, and he had personally guaranteed their payment or collectibility. Should they not be paid or be incapable of being collected, then he was individually responsible. He was aware of every ingredient in regard to the matter, and it was his duty to be advised of everything relating to their condition. No notice was therefore required, but it was incumbent on him to know whether they were paid, and the contract that he entered into complied with.

I am of the opinion that the judgment should be affirmed; the other judges concur.