Holt v. Dollarhide.

JAS. I. HOLT, Respondent, *vs.* WM. DOLLARHIDE, Appellant.

1. *Statute of frauds—Promise to pay one's own debt, etc.*—Where a debtor by the direction of his creditor agrees to pay the amount to a third person to whom the creditor is owing a like sum, the promise is a direct undertaking of the debtor to pay his own debt, and need not be in writing.

*Appeal from Hickory County Circuit Court.*

*Ewing & Smith*, for Respondent, cited Sinclair vs. Bradley, 52 Mo., 180; Flanagan vs. Hutchinson, 47 Mo., 237; Howard vs. Coshow, 33 Mo., 118; Besshears vs. Rowe, 46 Mo., 501; 3 Pars. Cont., 23, 24; Nelson vs. Boynton, 3 Met., 396.

*Waldo P. Johnson*, for Appellant.

WAGNER, Judge, delivered the opinion of the court.

The judgment was for the plaintiff below, and the only point made in this court for a reversal is that the agreement on which the action was brought, was within the statute of frauds, and was not evidenced by any note or memorandum in writing. The case shows that Rice executed and delivered to McCloud, a bond for the payment of a certain sum of money, and that McCloud assigned and delivered the same to the plaintiff, Holt; that Rice sold to the defendant, Dollarhide, a lot of land for which defendant agreed to pay a stipulated amount; that Rice, at the time of the sale of the land, was owing the plaintiff the sum mentioned in the above bond, and that he ordered and directed the defendant to pay to the plaintiff the purchase money for the land, which the defendant promised and agreed to do.

It is very plain that the obligation which the defendant assumed was not to answer for the debt or default of another, and was not within the statute of frauds, requiring a writing to make it valid.

The promise was a direct undertaking to pay his own debt, and not dependent on any collateral consideration. This point has been so often decided in this court that it is useless

to elaborate it. (Besshears vs. Rowe, 46 Mo., 501; Flanagan vs. Hutchinson, 47 Mo., 237; Sinclair vs. Bradley, 52 Mo., 180.)

Judgment affirmed. All the other judges concur.