REUBEN BEARDSLEE ET AL., Respondents, v. ALBIN
MORGNER, Appellant.

### June 5, 1877.

1. One, though not privy to the contract in which the promise is made, may sue upon a promise made, on sufficient consideration, for his benefit.

2. Where one undertakes to pay the debt of another, and by the same act pays his own, the undertaking is not within the statute of frauds, and need not be in writing.

3. Where there can be no second claim for any part of the same demand, where the assignment is made for the purpose of consolidating two actions against the same defendant, and where no injury can thereby accrue to the debtor, the reason of the rule against the assignment of a part of a claim without the debtor's consent ceases, and the mere fact that plaintiffs have each assigned to the other one-half of their respective claims sued on is not a ground for reversing the judgment.

4. Where, defendant's motion to strike out plaintiff's fourth amended petition and for final judgment being overruled, he files an answer to a sixth amended petition and goes to trial, he thereby waives his objection to the action of the court in permitting plaintiff to file a fourth or any subsequent petition.

APPEAL from St. Charles Circuit Court.

*Affirmed.*

McDEARMON & GAUSS, for appellant: There must be some privity between plaintiff and defendant, and a consideration must pass. — *Mellen* v. *Whipple*, 1 Gray, 317; *Field* v. *Crawford*, 6 Gray, 116; *Manny* v. *Frayser's Administrators*, 27 Mo. 419; *Page* v. *Becker*, 31 Mo. 466; *Bullard* v. *Randall*, 1 Gray, 605; *Millard* v. *Baldwin*, 3 Gray, 484. One cannot assign a part of a negotiable instrument. — *Love* v. *Fairfield*, 13 Mo. 300; *Mandeville* v. *Welsh*, 5 Wheat. 277; *Burnett* v. *Crandall*, 63 Mo. 410.

B. B. KINGSBURY, THEODORE BRUERE, for respondents: A party for whose benefit a promise has been made for a good and sufficient consideration may sue upon it, though not privy to the contract in which the promise was made. — *Bank of Missouri* v. *Benoist*, 10 Mo. 519; *Robbins* v. *Ayers*, 10 Mo. 538. Parol testimony was admissible to prove the

consideration, the contract not being within the statute of frauds. — *Schuster* v. *Kansas City, etc., R. Co.*, 60 Mo. 290 ; *Besshears* v. *Rowe*, 46 Mo. 501 ; *Holt* v. *Dollarhide*, 61 Mo. 433 ; *Rogers* v. *Peak*, 51 Mo. 446 ; *Rogers* v. *Gosnell*, 56 Mo. 589. Parol evidence is admissible to show assignment of interest in notes. — *Boeka* v. *Nuella*, 28 Mo. 180 ; *Willard* v. *Noies*, 30 Mo. 142 ; *Smith* v. *Sterrit*, 24 Mo. 260.

Bakewell, J., delivered the opinion of the court.

It appears from the pleadings and evidence in this case that in May, 1861, Louisa Koch, wife of Peter Koch, owned a house and lot in St. Charles, worth about $3,000 ; the legal title being in one Eisser, as trustee, for her sole and separate use.

At that time Peter Koch owed $636 to Mary Weiss, and $759.68 to Beardslee & Brother, evidenced by his promissory notes, one given to Mary Weiss, and four to Beardslee & Brother. An attempt was made to secure these notes by deeds of trust on the house and lot mentioned above ; but the deed of trust to Mary Weiss's trustee was not signed by the trustee of Mrs. Koch, and the deed of trust to Beardslee's trustee was executed by the trustee without the written consent of Mrs. Koch, without which the trustee had no authority to convey. Peter Koch also owed about $400 to the defendant, Morgner, who owned a house and lot in St. Charles, worth $600. It was then agreed that the Kochs and Morgner should exchange houses, and that, in part payment of the difference in values, Morgner should assume the payment of the notes described in the imperfectly executed deeds of trust on the Koch house, and also assume a certain unsecured indebtedness of Koch to one Klinger for $400. Accordingly, Morgner conveyed his six-hundred-dollar house to Mrs. Koch, and on May 10, 1861, Peter Koch and wife, and Eisser, as trustee of Mrs. Koch, conveyed the three-thousand-dollar house to Morgner, and Morgner

promised Koch to pay the debts mentioned above, of which, however, nothing was said in either of the deeds. The exchange of houses was made in pursuance of the agreement above recited between Koch and Morgner. On June 8th following, the agent of Beardslee & Brother came to St. Charles to collect the Koch notes, and was informed of the sale of the houses, and referred to Morgner for payment under the agreement. Morgner, in his interview with the agent, admitted the purchase, and that part of the consideration was the payment of the notes given by Koch to Beardslee & Brother and to Mary Weiss, which were erroneously supposed to be secured by deed of trust upon the house sold to him by Koch; but said that he had found that the deeds of trust were worthless, that they were not a lien upon the property; that he had discovered this since the purchase, and that he would not pay the notes. He then offered to compromise for twenty-five cents on the dollar, and then for fifty cents on the dollar. He also said that he had been advised by counsel not to pay, and that the claims could not be collected from him by law. On being confronted with his counsel, and charged by him with falsehood in making this statement, Morgner promised, in the presence of the agent, to pay the whole indebtedness in accordance with his arrangement with Koch. Beardslee & Brother then assigned to Mary Weiss a one-half interest in each of the four notes against Koch owned by them, and Mary Weiss assigned to Beardslee & Brother one-half of her note, and the Beardslees and Mrs. Weiss soon afterwards commenced the present action to recover the amount of these notes from Morgner. The cause was not finally heard until March, 1875, when it was tried by the court, a jury being waived, and there was a verdict and judgment for plaintiffs for $2,505.16, amount of the notes and interest; from which defendant appealed.

The following instruction asked by defendant was refused:

"To entitle the plaintiffs to recover, there must have

been an express contract between plaintiffs and defendant, whereby defendant, for a valuable consideration, undertook and obligated himself to pay plaintiffs' claims against Koch, and the plaintiffs had paid said consideration; or that defendant's undertaking to pay said debts had been reduced to writing, signed by defendant, and duly assigned to plaintiffs.''

1. That one for whose benefit a promise has been made for a good and sufficient consideration may sue upon it, though not privy to the contract in which the promise was made, is perfectly settled in this State; and when one undertakes to pay the debt of another, and by the same act pays his own debt, which was the motive of the promise, the undertaking is not within the statute of frauds, and need not be in writing. 10 Mo. 538; *Besshears* v. *Rowe*, 46 Mo. 501; *Holt* v. *Dollarhide*, 61 Mo. 433; *Fitzgerald* v. *Barker*, 4 Mo. App.₁₀₅The promise of defendant was a direct undertaking to pay his own debt; the debtor, by the direction of his creditor, agreeing to pay the amount to a third person, to whom the creditor was owing a like sum. This case is on all fours with the recent case of *Holt* v. *Dollarhide*. There, R., being indebted to H., sold land to D., and it was agreed at the time between D. and R. that D., as part of the consideration, should pay the debt of R. to H. This D. afterwards refused to do, and H. sued D. and recovered upon his promise to R. It is said by appellant, as has been said again and again, as cases of this kind have been argued in the Supreme Court of Missouri and of other States, that there was no consideration moving from plaintiff to defendant. In answer to this it was long ago said by Putnam, J., in *Lilly* v. *Hays*, 5 Ad. & E. (cited by Pars. on Con. 467, note *v*): '' Suppose the case of money sent to a general agent, who had promised to pay over the money sent to him; in an action against him by the person for whose use this money was sent, would it be any answer for him to say that the consideration did not move from the

plaintiff? Again, suppose money is sent to a banker for the payment of certain debts; does not the consideration indirectly move from the creditor whose particular debt is to be paid, by the debtor's sending the money? The debtor may be considered as the agent of the creditor, and money paid indirectly to the banker by the latter.'' So here, the defendant, though not the general agent, became the agent of Koch in this transaction; therefore, the consideration did move from the plaintiffs through the instrumentality of Koch. And, by our statute, as is observed by Judge Adams, in *Rogers* v. *Gosnell*, 51 Mo. 469, the party in whose name a contract is made for the benefit of another is declared by our Practice Act to be a trustee of an express trust, and may sue in his own name. Wag. Stat. 1000, sec. 3.

In the case at bar, defendant does not deny at all that he promised to pay this money; but he says that, when he found the deeds of trust to plaintiffs were no liens upon the land he had acquired on the faith of the promise to pay the debts which were supposed to be secured by those deeds, he determined not to pay. Nevertheless, the law will hold defendant to the promise he made to Koch for the benefit of these plaintiffs.

2. It is next insisted by appellant that plaintiffs were not entitled to recover because it appears by the evidence that, for the purpose of bringing a joint action, each bought a half-interest in the debt of the other. It is true that it is generally held that a portion of a debt, claim, or judgment cannot be assigned without the consent of the debtor; and the reason of the rule, which is applied by courts of equity as well as by courts of law, is that the debtor may otherwise be harassed by a multitude of suits for one debt, and costs may be thus unjustly increased; and this has been held by our Supreme Court from the early decision in *Love* v. *Fairfield*, 13 Mo. 300, and has been again determined in *Burnett* v. *Crandall*, 63 Mo. 410. Yet the rule

is not of universal application. Equity will sometimes permit the assignment of part of a debt. Story's Eq. Jur., sec. 1044. And where no injury can accrue to the debtor, and there can be no second claim for the same demand, an assignment of an interest in part of a promissory note has been recognized as passing a legal title to the interest assigned. *Poor* v. *Guilford*, 10 N. Y. 275. And where a person having a demand due him assigns part of it to different persons, it is held in New York that a court of equity will entertain an action to recover a part of the debt assigned, though it will require that all the assignees of the debt be brought in as parties. *Field* v. *Mayor, etc.*, 6 N. Y. 179; *Cook* v. *Ins. Co.*, 8 How. Pr. 514. We do not think, therefore, that this judgment should be reversed on the purely technical ground that these two plaintiffs are each the holders of half a note. Together, they hold the whole debt; and the assignment was made, not to create, but to escape, the mischief which is the only reason of the rule invoked by appellant. There is no doubt of the justice of the judgment of the court below, nor of its being a full protection to the appellant against a second claim for the same demand; and the judgment ought not to be reversed unless it violates some well-established principle of law. We think that it does not violate the principle on which the rule that a claim cannot be split by assignment rests. The claim is not really split in this case, but consolidated; and the defendant is not harassed by multiplicity of actions, but two suits against him are by this means consolidated into one. We think the rule does not apply in such a case as this.

It appears from the record that after the original petition was filed, no less than five amended petitions were filed by leave of court, so that the case went to trial at last upon the issues raised by answer to the sixth petition. After the court had sustained a demurrer to the third amended petition of plaintiffs, defendant moved to strike out the fourth

amended petition, and for final judgment; this motion being overruled, defendant demurred to each subsequent petition, and answered the last one and went to trial. He claims now that the court erred in permitting the plaintiffs to file a fourth or any subsequent petition. It is, however, too late to raise that objection now. If he wished to stand upon this objection, defendant should have refused further to plead. Having answered, the objection is waived.

We see nothing in this record to warrant a reversal of the judgment, and it is affirmed. Judge HAYDEN concurs; Judge LEWIS did not sit.