Charles F. Walther, Appellant, v. Jacob S. Merrell,
Respondent.

December 31, 1878.

1. Where the main object of the promise is a benefit accruing directly to the
promisor, and which he did not before enjoy, and the promise to pay.the
debt of another is a mere incident, then the accidental or incidental fact
that the promise includes the answering for the debt of another will not
bring it within the statute; but where the main object is to obtain the

release of the person or property of the debtor, or other forbearance or other benefit to him, then the promise is within the statute, though a new consideration moves directly to the promisor.

2. A promise by the president of a bank to a depositor, that if the latter will not check out his funds, but permit them to remain in the bank, the former will pay the total deposit if the bank should close, is within the Statute of Frauds, and cannot be enforced if not reduced to writing.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

G. M. STEWART, for appellant: The promise is based upon a valuable consideration moving between the promisor and promisee, from which the promisor derived an actual benefit and from which he anticipated a benefit, in view of which the promise was made, and hence the promise was original and not collateral. — *Cross* v. *Richardson*, 30 Vt. 641; *Kutzmeyer* v. *Evans*, 27 N. J. L. 371; *Farley* v. *Cleveland*, 4 Cow. 432; *Marks* v. *Bank*, 8 Mo. 316; *Can* v. *Cassell*, 34 Mo. 513; *Hudson* v. *Busby*, 48 Mo. 35; *Lampson* v. *Hobart*, 28 Vt. 697; *Mallory* v. *Gillett*, 21 N. Y. 412, 425; *Hopkinson* v. *Davis*, 5 Phila. 147. If one promise to pay the debt of another, and by the same act he pay his own debt or relieve himself from a liability, the undertaking is not within the statute, and need not be in writing. — *Besshears* v. *Rowe*, 46 Mo. 501; *Barker* v. *Scudder*, 56 Mo. 272; *Holt* v. *Dollarhide*, 61 Mo. 433. Defendant having control of this fund, and under a duty to pay it to the plaintiff on demand, his express promise to pay it was original, and not necessary to be in writing. — *Wait* v. *Wait*, 28 Vt. 350; *Fullam* v. *Adams*, 4 Am. L. Reg. (N. s.) 460–466, and Judge Redfield's Notes, 475.

FINKELNBURG & RASSIEUR, for respondent: An oral promise of an officer of a corporation to make good the liability of the corporation is within the Statute of Frauds.— *Trustees, etc.*, v. *Flint*, 13 Metc. 539; *Rogers* v. *Walters*, 2 Gill & J. 64; *Wyman* v. *Gray*, 7 Har. & J. 409. To bind one person for the debt of another, there must be a suffi-

cient consideration and evidence in writing. — *Nelson* v. *Boynton*, 3 Metc. 396; *Jackson* v. *Raynor*, 12 Johns. 291; *Smith* v. *Ives*, 15 Wend. 182; *Packer* v. *Wilson*, 15 Wend. 343; *Watson* v. *Randall*, 20 Wend. 201; *Mallory* v. *Gillett*, 21 N. Y. 412; *Martin* v. *Black*, 21 Ala. 72; *Furbish* v. *Goodnow*, 98 Mass. 296; *Westheimer* v. *Peacock*, 2 Clarke (Iowa), 528. Whenever the undertaking is collateral to the original and continuing debt of another, it is within the statute, no matter what the consideration may be. — *Kingsley* v. *Balcombe*, 4 Barb. 131; *Barker* v. *Bucklin*, 2 Denio, 45; *Fullam* v. *Adams*, 37 Vt. 291; *Rogers* v. *Rogers*, 6 Jones L. 300; *Turner* v. *Hubbell*, 2 Day, 457; *Bissing* v. *Britton*, 59 Mo. 204; *Glenn* v. *Lehnen*, 54 Mo. 45; *Barker* v. *Scudder*, 56 Mo. 272; *Music* v. *Music*, 7 Mo. 495; *Allshouse* v. *Ramsey*, 6 Whart. 331; *Kelsey* v. *Hibbs*, 13 Ohio St. 340; *Mattson* v. *Wharam*, 2 Durnf. & E. 80; *Fitzgerald* v. *Dressler*, 5 C. B. (N. S.) 885; 7 C. B. (N. S.) 374; *Mallet* v. *Bateman*, 1 L. R. C. P. 163; *Canmann* v. *Brunswick*, 3 Mo. App. 586.

BAKEWELL, J., delivered the opinion of the court.

The petition of plaintiff alleged that in March, 1877, and for a long time prior thereto, and after that date, defendant was president of a banking corporation called the Bank of St. Louis, doing a general banking business in St. Louis; that on July 12, 1877, plaintiff had $4,200 on deposit in said bank, which had been received and deposited by him as receiver in a cause then pending; that "on July 14, 1877, having fears as to the solvency of said bank and the safety of the moneys so deposited, he went to said bank for the purpose of withdrawing said funds from the same, as he had a lawful right to do, and as he could and would have done but that said defendant, who was then the president of said bank, and otherwise largely interested in the same as director, stockholder, and depositor, induced plaintiff not to withdraw the same, and promised and agreed with him

that if he would not withdraw the same, that he (defendant) would pay plaintiff the total amount of his deposit if said bank should close.

" Plaintiff states that he knew or believed that defendant was solvent, and that he was abundantly able to pay plaintiff said money should said bank close up ; and relying on the promise of said defendant as aforesaid, and to accommodate him and comply with his request, he did not withdraw said funds from said bank as he had intended to do, and but for said promise should have done, but permitted the same to remain in said bank in consequence of the promises.

" Plaintiff further states that thereafter, on the 16th day of July, A. D. 1877, said bank did close up, and has ever since remained closed ; that on or about the 20th day of July, A. D. 1877, plaintiff demanded the amount of said deposits from defendant, who then and there promised to pay the same, but failed, and has ever since failed to pay the same to plaintiff.

" Plaintiff states that he has received on account of said deposit from said bank the sum of $2,072.75, and no more ; that he has been compelled to and has used his own funds to make good said deposit, and is now discharged as receiver, and said funds and moneys now belong to him ; that defendant is therefore indebted to plaintiff in the sum of $2,072.75, with interest from July 20,1877 ; for which, with interest, he asks judgment."

The answer of defendant was a general denial. He further answered that the promise set out is within the Statute of Frauds, and that it was not in writing. Plaintiff demurred to the new matter ; the demurrer was overruled, and final judgment was entered for defendant, from which plaintiff appeals.

The promise in this case was to pay the debt of another, that existed when the promise was made, and continued to exist after the promise. The statute says that such a prom-

ise, unless it be in writing, is void. It by no means follows, however, that this promise, though not in writing, is void; because it is determined by a unanimous course of decisions upon the statute that an oral promise to pay another's debt may in some cases be binding upon the promisor though the debt still exists in full force against the original debtor and in favor of the original creditor. Attempts have been made at various times, by men of great learning and ability, to classify the cases, and to arrange under some general heads those decisions in which it has been held that though there was a promise to pay the debt of another the statute does not apply. The third class of Chancellor Kent in *Leonard* v. *Vredenburgh*, 8 Johns. 29, is " where the promise to pay the debt of another arises out of some new consideration of benefit or harm moving between the newly contracting parties." This class of cases, he says, is not within the statute. Cases where the promise is collateral to the principal contract, but made at the same time, and an essential ground of the original credit, and cases in which the collateral undertaking is subsequent to the creation of the debt, and not the inducement to it, though the subsisting liability is the ground of the promise, are the first and second classes, to which, he says, the statute applies. Chancellor Kent does not expressly say that the consideration in the third class of cases must move to the promisor; but if this be added, then, where the main object of the promisor is not to guarantee the debt, but to benefit himself, such cases have been held, in a long line of well-considered cases, not to fall within the statute. On the other hand, the great name of Kent, and the general language of his exception, have bred a class of cases that fly in the face of the letter and the spirit of the statute and leave it nothing on which to operate, by holding, as they do, that, if the new promise was supported by any legal consideration, it was not within the law.

The question is not at all whether there was a considera-

tion for defendant's promise. There must always be a consideration to support a promise. That the consideration is coëxisting with the promise, and that it moves to the promisor, does not take the case out of the statute; for in all cases where credit is given on the strength of the promise of another to see the debt paid, though this promise forms the consideration for the credit, the contract, if not in writing, is void. Two things are required — a consideration good at common law, and a promise in writing — or the case is within the statute. Consideration alone will not give vitality to a contract to pay another's debt, or the statute has made no change in the law.

The question as to what oral promises are now within the statute has been complicated by a vast number of decisions, which cannot all be reconciled. It has been discussed in this country again and again, by men who have brought to its consideration every quality which can dignify and adorn the bench. The opinion of Chief Justice Shaw, in *Nelson* v. *Boynton*, 3 Metc. 396 ; of Judge Comstock, in *Mallory* v. *Gillett*, 21 N. Y. 412 ; of Judge Sill, in *Kingsley* v. *Balcombe*, 4 Barb. 132 ; of Judge Gray, in *Furbish* v. *Goodnow*, 98 Mass. 297 ; of Chief Justice Poland, in *Fullam* v. *Adams*, 37 Vt. 391, together with the essay of Judge Redfield, appended to that opinion, in 4 Am. L. Reg. (N. s.) 473, leave little to be desired by one who wishes to see what has been done to reduce to system the cases on this section of the Statute of Frauds, and to draw from them a rule that may be a guide to future decisions. In some reported cases, the question as to whether or not the oral argument is within the statute is disposed of by saying that the promise is collateral or original, as the case may be, without stating the grounds upon which this conclusion is based ; though the question in the case seems to be, what is a collateral and what an original contract. Every contract is original in a certain sense.

A stringent rule is that approved in *Kingsley* v. *Balcombe*,

4 Barb. 131, and *Fullam* v. *Adams*, 37 Vt. 391 : that the undertaking must be considered collateral, and not original, wherever the actual indebtedness is not extinguished, or at least assumed by the new promisor, so that he stands to the creditor as bound to pay the debt as his own ; the new promisor holding the original debtor as a surety to him, and the understanding being in no sense collateral to the original debt of another, which must have ceased to exist as an indebtedness due to the original creditor, or the case will be within the statute.   The opinion of Judge Sill in this case is cited with approval in *Bissig* v. *Britton*, 59 Mo. 211.   Not that the rule as above set forth is expressly adopted in that case.   Indeed there seem to be cases of exception to the statute to which this rule could hardly be made to apply.

The rule laid down in the Massachusetts cases seems to be this : That where the main object of the promise is a benefit accruing directly to the promisor, and which he did not before enjoy, and the promise to pay the debt of another is a mere incident, then the accidental or incidental fact that the promise includes the answering for the debt of another will not bring it within the statute ; but where the main object is to obtain the release of the person or property of the debtor, or other forbearance or other benefit to him, then it is within the statute, though a new consideration moves directly to the promisor.   *Nelson* v. *Boynton*, 3 Metc. 396 ; *Furbish* v. *Goodnow*, 98 Mass. 297. This rule has also been approved in New York, in the case of *Mallory* v. *Gillett*, 21 N. Y. 412, in which the cases are carefully examined.   If we go beyond such peculiar cases, and except from the statute instances in which the debtor alone is interested, and where the debt still subsists, on the ground that there is a consideration to support the contract, we virtually repeal the statute, and leave the law as it was before the act was passed.

We have turned to the cases in our own reports cited by

counsel, and we are satisfied that none of these cases sanction, and that no Missouri case sanctions, any greater relaxation of the statute than the rule which we have extracted from the Massachusetts Reports and from the New York case just cited. In *Hursh* v. *Byers*, 29 Mo. 469, defendant had promised plaintiff, a tavern-keeper, that if he would let Mrs. Acors remove her baggage, he would pay her tavern-bill. The landlord, on the faith of this promise, let the baggage go. The defence was that the promise was within the statute, and void. The Supreme Court does not pass upon the question. It decides in favor of the defendant, on the ground that the tavern-keeper had no lien. But it does not say that if he had had a lien the promise would have been good. According to the English cases, and the best-considered American cases, it would have been within the statute. According to the dissenting opinion in *Mallory* v. *Gillett*, the oral promise would have been good. But we think that the cases in which it has been held that the statute does not apply where a creditor holds security for his debt, and surrenders it to the debtor upon the promise of a third person to be answerable for the debt, arose upon the misapprehension of the facts of the case, and of the language of Lord Mansfield in *Williams* v. *Leper*, 3 Burr. 1886, which was a case in which the security was surrendered really to the party making the promise as trustee for certain creditors. Where the promisor gets the security into his hands, in a case of this kind, the case is universally held not to be within the statute. And in Vermont it is said, in *Fullam* v. *Adams*, quoted above, that no case is sound where it has been held that an oral promise to pay the debt of another is binding, unless the promisor held in his hands property of the debtor devoted to the payment of the debt, and his promise to pay attaches upon the obligation or duty growing out of the receipt of such fund.

In *Besshears* v. *Rowe*, 46 Mo. 502, Rowe had sold real

estate to one Brown, subject to a judgment in favor of Bes-
shears, and it was agreed between the three men, before the
sale, that plaintiff's judgment should be released; that
Brown should pay the purchase-money, less the judgment,
and should pay the judgment directly to plaintiff. The
agreement was held not to be within the statute, because
the debt became by the agreement the debt of Rowe. It
also ceased to be the debt of Brown. This case was not
only within the Massachusetts rule, but within the more
stringent one approved in *Kingsley* v. *Balcombe*.

In *Barker* v. *Scudder*, 56 Mo. 272, Barker sold to Scud-
der, and in part payment took notes of Able, who was
insolvent when his note matured. The purchaser guaran-
teed the notes. It was held that his promise, though oral,
was not within the statute. The principle involved here
runs through a great number of cases. It has always been
held that they are not within the intent of the law. The
new and distinct consideration, independent of the debt of
the maker, moving directly to the promisor, and being
itself the main transaction, takes them out of the statute,
within the meaning of Chancellor Kent's exception as
interpreted in *Mallory* v. *Gillett* and the Massachusetts
cases cited above. In these cases the promise is to pay the
debt existing to the promisor, and transferred to the
promisee at the time the promise is made. The promise
is not made to the party to whom the debt is owing (*East-
wood* v. *Kenyon*, 11 Ad. & E. 438), and the considera-
tion originates in a new and independent dealing between
the promisor and the creditor, the undertaking to answer
the debt of another being a mere incident of the transac-
tion. As the note is transferred, the indebtedness to the
original creditor is gone, and he can look to the debtor
merely as a surety for himself in case he has to take up
the note when due. The case comes within a well-known
class of cases excepted from the operation of the statute,
and noted in the third class of exceptions in *Mallory* v.

*Gillett.* The real substance of the promise here is to pay an obligation of the party making it, though its payment results in the payment of the debt of another. "The rule," says Judge Wagner (46 Mo. 503), "rests on solid ground, that when one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute."

In *Glenn* v. *Lehnen*, 54 Mo. 45, the court says that if plaintiff delivered the goods on the faith of defendant's promise to be responsible as a surety for the purchaser, the promise is void unless in writing. And in *Holt* v. *Dollar-hide*, 61 Mo. 433, Rice executed a note to McCloud, which McCloud assigned to plaintiff. Rice then sold a lot to Dollarhide, and directed him to pay the purchase-money to plaintiff, which Dollarhide agreed to do. The court says that defendant did not by this assume to answer for the debt of another, but undertook to pay his own debt. This is also clearly within the meaning of Chancellor Kent's exception as interpreted both in Massachusetts and in *Mallory* v. *Gillett*, and is one of a well-known class of cases held to be outside of the statute; though it has been strenuously contended that both such cases and that of which *Barker* v. *Scudder* is an example, and which are both manifestly promises to pay the debt of another in a merely formal sense, ought to be brought within the statute as being within the scope and meaning of the law.

In the case at bar, the promise was to pay the debt of another. Merrell was certainly not the bank. The promise was clearly collateral. Merrell was to pay the deposit to plaintiff if the bank should close; the indebtedness of the bank existed when the promise was made, and still subsisted. Here was no distinctly new consideration moving directly to the promisor, and substantial, so as to be a clearly sufficient motive for the transaction. The main object was forbearance to the bank, and any benefit to the

promisor was merely incidental. It is true, defendant was an officer and shareholder of the bank, and might be benefited by the action of plaintiff in leaving the deposit; but that is not enough. A good illustration of the consideration which takes the case out of the statute, as making the new contract the main thing and the promise to pay the debt of another a mere incident, is one of the earlier English cases (*Tomlinson* v. *Gill*, Amb. 330), cited in *Mallory* v. *Gillett*. There, Gill promised the widow that if she would allow him to administer he would pay all debts of the estate. Here it was held that this was a promise to make the estate produce the debts, in consideration of being allowed to administer. It was a purchase of that privilege, and the debts of the estate became the debt of Gill. Or the case of a factor who gets an increased commission to insure collections or guarantee the sales. There, the factor gets possession of the goods. His object in making the agreement is not the interest of the debtor at all. He makes an independent agreement, solely for his own benefit, that if the goods are delivered to him he will be answerable for the price.

The case made by the petition, on the other hand, seems to be just one of those which the statute was mainly designed to meet, where words of recommendation or of encouragement to forbearance may be exaggerated or misunderstood, and represented as positive contracts, against the intention of the alleged guarantor, and where the law requires the most satisfactory evidence as to the precise language of the promise.

The judgment of the Circuit Court is affirmed. All the judges concur.