MARSHALL WILSON, Respondent, v. NELSON VASS, Appellant.

### St. Louis Court of Appeals, May 2, 1893.

Contracts: STATUTE OF FRAUD. A promise, whereby the promisor agrees for a valuable consideration to assume and pay the debt of a third person to the promisee, is valid though not in writing.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*R. H. Landrum* and *W. Cloud*, for appellant.

*N. Gibbs* and *William B. Skinner*, for respondent.

The statement of the cause of action, the sufficiency of which is controverted by appellant, is a perfect statement of a cause of action by novation. That statement alleges every fact essential to establish the liability of defendant by novation, and the right of plaintiff to sue and recover thereon. The promise of the defendant was a direct undertaking to pay his own debt, and need not to have been in writing. *Holt v. Dollarhide*, 61 Mo. 433; *Besshears v. Rowe*, 46 Mo. 501; *Flanagan v. Hutchinson*, 47 Mo. 237.

ROMBAUER, P. J.—This action was instituted before
a justice of the peace on a statement containing two
causes of action, one on an open account for labor and
material, the other on an indebtedness evidenced by
writing. Upon the trial of the cause in the circuit
court, the plaintiff recovered a verdict on both causes
of action. The defendant complains on this appeal
that error has intervened in the trial of the second
cause of action, and that the recovery thereon was
unwarranted.

Before the final submission of the cause in this
court, it was shown to us by affidavits filed by the
respondent that the bill of exceptions embodied in the
transcript was so embodied without legal warrant, as
the bill originally filed was a mere skeleton, and did
not have a report of the testimony attached to it when
signed by the trial judge. We, thereupon, on the
authority of *Crawford v. Spencer*, 92 Mo. 498, *Roberts
v. Bartlett*, 26 Mo. App. 611, and *Tipton v. Renner*, 105
Mo. 5, ordered the bill of exceptions to be stricken from
the files. The only question remaining for our con-
sideration is, whether any errors are shown by the
record proper which demand a reversal of the judg-
ment. Touching the plaintiff's first cause of action,
no errors of record are claimed; but it is claimed that
the statement of his second cause of action is insuffi-
cent to support a recovery.

That statement is as follows: "And for another
and different cause of action plaintiff states that, on
the fifteenth day of March, 1887, one David Matthews
was indebted to Marshall Wilson in the sum of $15.75,
and defendant Nelson Vass was indebted to said
Matthews in a like or greater sum, and, at the special
instance and request of defendant Nelson Vass, plain-
tiff, Marshall Wilson, accepted from said David Matthews

an order on said Nelson Vass for said sum of $15.75. That said defendant wrote said order from Matthews to plaintiff on himself, and agree to pay it. That said order for $15.75 has been lost or mislaid, and for that reason is not filed herewith. That the same has never been paid, and said sum is now due and owing to plaintiff from defendant, for which he asks judgment."

This statement shows a complete contract of novation, and charges a direct promise by the defendant to pay his own debt. As such a promise need not be in writing (*Holt v. Dollarhide*, 61 Mo. 433), the objection that the statement is insufficient in not charging an acceptance in writing is untenable. We must presume in support of the judgment that the evidence was sufficient to support a recovery on that theory.

The judgment is affirmed. All concur.