Broderick *v.* Poillon.

EDWARD and JOHN F. BRODERICK *v.* PETER POILLON, JR.

In an action, instituted by a sub-contractor against an owner, to foreclose a lien under the "act for the better security of mechanics and others," the complaint must contain an averment, that the labor or materials were furnished in conformity with the contract between the owner and the original contractor.

The court, on motion, will require a complaint, filed by a sub-contractor under the lien law, to be made more definite and certain, when it does not appear therein whether or not the labor or materials were furnished in conformity with the original contract.

SPECIAL TERM, FEBRUARY, 1855.

Before DALY, J.

ACTION under the statute of July 11, 1851, to foreclose the alleged lien of a sub-contractor upon a house and lot owned by the defendant.

The complaint alleged, that the plaintiff furnished materials towards the construction of the building, pursuant to a contract made with him by a contractor in the employment of the owner. There was, however, no averment showing

---

other points, they can hardly be deemed to have "agreed to the opinion of the court below."

If, however, there were room for doubt, it would yield to the explicit declaration of Judge DENIO, in delivering the opinion of the Court of Appeals, in *Loonie* v. *Hogan.* (See the case fully reported in 12 N. Y. Legal Observer, 225.*) Having decided that the builder, in that case, was the "owner," within the meaning of the act, Judge DENIO adds, at page 230, "I am aware that the Supreme Court of the city of New York has arrived at a different conclusion in a similar case; but with every disposition to concur in opinion with so respectable a tribunal, I find myself unable to assent to the judgment in that case. (*McDermott* v. *Palmer*, 11 Barb. S. C. R., 9.)"

---

whether or not the materials conformed to the requirements of the original contract between the owner and his contractor.

The defendant now moved that the complaint be rendered more definite and certain.

*George G. Bellows*, for the motion.

*Alvin C. Bradley*, *E. S. Mills* and *C. S. Woodhull*, for the plaintiffs.

DALY, J.—The law gives a lien in two cases:

1. Where a contract is made with the owner.

2. Where a contract is made with the contractor, with the owner commonly called the first or original contractor, and the work, &c., done and performed, is in conformity with the contract made with the owner.

The first contractor might put up a different building or structure than that provided for by the contract; and the party who performed work or furnished materials towards the erection of such a structure, would have no lien against the owner of the land.

A lien against the owner, in favor of a sub-contractor, exists only when the work performed or the materials furnished by the sub-contractor are contemplated by the contract between the owner and the first contractor.

By the very terms of the statute, the work and labor or materials done or furnished by a sub-contractor, must not only be performed or furnished in pursuance of an agreement with the first contractor, but must be performed or furnished in conformity with the original contract made by the owner.

The complaint must be amended. In its present form it does not set forth a sufficient cause of action.

Motion granted.