FREDERICK SCHULENBURG ET AL., Appellants, *v.* WILLIAM T. ROBISON ET AL., Respondents.

### April 23, 1878.

1. Where a sub-contractor accepts from the contractor a note for the amount due for work upon a building upon which the former claims a lien, which note also includes sums due on other accounts, such a confusion of the lien-claim with other matters is a waiver of the sub-contractor's lien.

2. Where the identity of the lien-claim is gone, the specific remedy against the property cannot be enforced. The owner will not be subjected to the burden of inquiring into the state of account, between contractor and sub-contractor.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

R. SCHULENBURG, for appellants, cited : *McMurray* v. *Taylor*, 30 Mo. 263 ; *Ashdown* v. *Woods*, 31 Mo. 465 ; *Muir* v. *Cross*, 10 B. Mon. 277 ; *Graham* v. *Holt*, 4 B. Mon. 61 ; *Wheeler* v. *Schroeder*, 4 R. I. 383 ; *Bailey* v. *Hull*, 11 Wis. 289.

JOHN BOYLE, for respondents, cited : *Waterman* v. *Younger*, 49 Mo. 413 ; *Gantner* v. *Kemper*, 58 Mo. 567.

HAYDEN, J., delivered the opinion of the court.

This is a suit to enforce a mechanic's lien against the house of Culver, one of the defendants, for a balance of $593.53, for lumber furnished by the plaintiffs, as sub-contractors of Robison & Son, the contractors. One of the members of the firm of Robison & Son having died, his administrator was made a defendant. The defendant Culver, answering separately, alleged that the building was completed about Nov. 18, 1875, and that on that date he paid Robison & Son in full for the lumber ; that before that time, Robison & Son had paid to the plaintiffs the amount of the bill in suit. The case was tried by the court. The evidence showed that at the time when the plaintiffs furnished this lumber, they also furnished other lumber to Robison & Son for other houses ; that Robison & Son made to the plaintiffs several cash payments, and also gave notes covering their indebtedness to plaintiffs, including the amount here sued for ; that from time to time the notes so given were renewed ; that, late in 1875, Robison & Son gave to the plaintiffs their two notes, one for $2,374.12, and one for $1,340.90, which notes included the $593.53 in suit.

There was evidence tending to show that Culver paid the latter amount to Robison & Son, and that they, when making payments of cash to the plaintiffs, appropriated a part of the money so paid to the present claim, and that the plaintiffs received money in extinguishment of this liability. The plaintiffs' testimony tended to show that no such appropriation was either assented to or suggested.

No notes were produced at the trial, by the plaintiffs, for surrender or cancellation; but the plaintiffs proved that in presenting in the Probate Court, for allowance against the estate of J. P. Robison, the two notes above named, they gave on the note for $2,374.12 a credit for the amount of the present bill, to enforce a lien for which the suit was pending.

Upon the question involved in this case, as to the appropriation of money to the payment of the appellants' claim by the contractors, the court below apparently decided adversely to the respondents; otherwise, and if the balance was paid, the ulterior questions did not necessarily arise. If the amount was not paid, then the question arises as to the effect of the acceptance by the appellants, from the contractors, of notes which included not only the amount sued for, but other sums due from the contractors to the appellants on other accounts. The appellants were sub-contractors, and in their dealings with the contractors, instead of keeping the present demand by itself, and taking from the contractors a note covering that amount, they mingled indiscriminately the present with other accounts between themselves and the contractors, and took notes and renewals of notes as though the present account had no identity. Accordingly they could not offer for cancellation the note in which was included the amount of the account here set out with the petition.

Where a plaintiff seeking to enforce a lien has accepted a note covering the claim, and thus allowed the demand to take another shape, he has impliedly agreed to produce the note for cancellation. Not only in suits under the Mechanic's Lien Act, but in admiralty and suits under the Boat and Vessel Acts, it is a condition to the enforcement of the lien that the note, if in existence, should be produced. This obligation being cancelled, the open account suspended by the note revives. It may be said that, in the present case, the matter of the note is between the sub-contractor and the

contractor; but by this matter the owner is directly affected, as will be seen. By confusing a particular lien demand with various other matters, as a plaintiff does when he accepts notes covering many different accounts, he in fact puts himself in such a condition that he is unable to comply with what the law requires. He cannot produce the note for cancellation. His demand has lost its unity; and in order to enforce it as a special demand, carrying with it an extraordinary remedy, the courts are required to disentangle it from a mass of accounts with which the plaintiff has mingled it. The right notes must be produced; but what are the right notes, and in what original notes or renewals the particular demand lies buried, is forced upon the court as a subject of investigation. The present record shows that, upon the appellant's theory of the law, an ordinary suit to enforce a mechanic's lien, presenting only the simplest issues, might necessarily become the subject of an expensive reference. But such is not the theory of those laws, whether statutory or non-statutory, which give liens for materials. The lien-claimant is presumed to keep his lien in mind; and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against particular property. If he does not, but so mingles it with other claims as to necessitate a process of separation by the courts, it may well be held that he has waived his lien. In the present case, in order to make out in the same suit a cause of action at the same time against the contractors and owner, the plaintiff, instead of producing for cancellation a note covering the present demand, was forced to go into a series of transactions which had nothing to do with the issues here involved. With the state of accounts between the contractors and sub-contractors, relating to materials furnished for other buildings than his own, the present owner had, of course, nothing to do; and he was not liable to have the burden and expense of investigating them imposed upon him. It is no hardship upon the sub-contractor, in such

cases, that he should keep his accounts in such condition as to be able to make out his case consistently against contractor and owner, and without bringing into the suit, as against the former, issues with which the latter has properly no concern.

It is contended by the appellants that they showed a cancellation of that portion of the note covering the present account by introducing the note, with the judgment of the Probate Court against its makers, reduced by the amount of this account, allowed as a voluntary credit. But, for the reasons given, this was not such a cancellation as the law requires; and the production of the note, with the credit upon it, did not revive the account which the acceptance of the note had suspended.

It follows that the action of the court below in denying the lien and rendering only a general judgment against those representing the contractors was correct, and must be affirmed. All the judges concur.