THOMAS F. HAYDEN ET AL., Plaintiffs in Error, *v.* F. F. LOGAN ET AL., Defendants in Error.

February 1, 1881.

The rule that a demand cannot be divided will not be applied to defeat a mechanic's lien where no injury can accrue therefrom to the other party, and where the work and labor charged for actually go into the improvement.

ERROR to the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*
TAYLOR & POLLARD, for the plaintiffs in error.
RUDOLPH SCHULENBURG, for the defendants in error.

BAKEWELL, J., delivered the opinion of the court.

This is an action to enforce a mechanic's lien for slating done by plaintiffs on a house belonging to defendant Gibson, under a subcontract with defendants Logan. The testimony showed that plaintiffs contracted with the Logans to slate two houses in process of erection upon contiguous lots. One of these houses belonged to Logan ; the other house

to Gibson. The contract price was $174 for the entire job of slating both houses. Plaintiffs went on with the slating of both houses as one job, keeping no separate accounts with either house. The plans were changed during the progress of the work, making $8.94 more work. Plaintiffs also contracted with the Logans to slate the stables on these contiguous lots. After the work was completed, plaintiffs measured it, and found by measurement that the slating of Gibson's house was worth, at contract prices, $87 ; the extra work on his house was worth $4.46, and the work on the stable $34.02. The work on the two houses was worth $250.96, and exactly one-half in value of the work was done on the buildings on each lot.

The witness Hayden testifies that after the slating was done, and before the lien was filed, by actual measurement of the same upon the house as laid, he found that the contract-work amounted to precisely eight squares and sixteen feet on Gibson's house, and that the extra slating on Gibson's house amounted to exactly forty-two and one-half feet; and that the zinc flastings amounted to forty-seven pounds, which was worth $4.78. He measured the amount of slating under the contract on Logan's house, and found that it came to precisely the same number of squares as upon Gibson's house, and the amount of zinc flasting used in the Logan house was exactly the same as used on the Gibson house. He did not arrive at the amount used on Mr. Gibson's house by first measuring the total amount of both houses, and then dividing this by two; but, on the contrary, measured each house separately. Witness had been engaged in the slating business for over fifteen years, and knew the custom and mode of measuring slate-work. It is always measured after it is laid in the building, and any loss in breaking of material or defective material cannot affect the owner, because it is the slating complete on the roof that is measured, and not the material taken to the building to be used. It is measured in this respect the

same as plastering would be measured on the walls of a house. There is similar testimony as to the stable. The contract price was $10.50 per square, and there is testimony that this was reasonable, and that every part of the slating and zinc flastings set forth in the account were furnished to and done upon Gibson's house.

A separate lien was filed against each house and lot. The claim against the Logan house was $125.48, and the claim in suit against Gibson's house is for the same amount. The court directed the jury to find against the lien.

In *Schulenburg* v. *Vrooman*, 7 Mo. App. 133, the materials were furnished for and promiscuously used in four houses, against two of which a lien claim was filed. It was a pure assumption in that case that the materials and labor set forth in the account were furnished to, or went into, the buildings against which the lien was filed. But in the present case there is substantial testimony tending to show that the work and labor set forth in the account actually went into the buildings which plaintiffs seek to affect with the lien. The reasoning in the last cited case does not, therefore, apply to the case at bar. Nor is *Schulenburg* v. *Robison*, 5 Mo. App. 563, to which we are also referred as decisive of the present case, any more in point. In that case the identity of the lien claim was wholly gone.

It is contended that plaintiffs ought not to be permitted to split their demand. But this rule is not of universal application; and where no injury can accrue to the debtor, and there can be no second claim for the same demand, it ought not to be applied for the purpose of defeating a remedy given by the statute. *Beardslee* v. *Morgner*, 4 Mo. App. 139.

There was evidence tending to show that the work and labor in question in the present case went into the house against which the lien was filed. It is not disputed that plaintiffs made out a *prima facie* case in other respects. We are of opinion that the court erred in directing the jury

to find against the lien. The question should have been submitted to the jury.

The judgment is reversed and the cause remanded. All the judges concur.