JAMES S. HANNON, Respondent, *v.* F. F. LOGAN ET AL.; CHARLES GIBSON, Appellant.

### May 15, 1883.

1. AMENDMENTS — PLEADINGS — LIENS. — In actions on mechanic's liens, the power of amendment of pleadings will be liberally exercised to save a limitation.

2. MECHANIC'S LIENS. — Though a contract is necessary to the establishment of a mechanic's lien, the lien is created, not by the contract, but by furnishing the materials and doing the work.

3. —— It is immaterial whether the contract between the contractor and the sub-contractor was to do the work on two houses for a given sum, or to do the work on each of the two for one-half of that sum, if the work done on one was done by actual count and measurement.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

RUDOLPH SCHULENBURG, for the appellant.

TAYLOR & POLLARD, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The amended petition in this case alleges that Augusta A. and Floyd F. Logan, husband and wife, contracted with defendant Gibson to erect a dwelling-house and stable upon a lot of ground described, owned by Gibson; and that plaintiff contracted with the Logans to furnish the copper guttering and tin spouting upon these buildings; and did furnish the same, both as to work and materials, which were reasonably worth $137.50; which amount the Logans agreed to pay plaintiff for this work and these materials. The petition sets out the particulars of the work, and the necessary averments as to dates, description, ownership, notice, and filing of the lien; and asks judgment against F. F. Logan, and that the same be declared a lien, etc.

The answer, after a general denial, sets up that plaintiff entered into a contract with the Logans to furnish all the

copper and tin spouting necessary to complete two two-story houses according to plans and specifications ; that one of these houses, with the ground, belonged to the Logans, the other to Gibson ; that the contract was entire, and not divisible ; that, under the contract, plaintiff furnished work and materials to the two houses indiscriminately to an amount and value unknown to Gibson ; that part was put into one house, and part into the other, and plaintiff kept only one account of the work and labor done on the two houses, considering the whole as one job and contract ; that defendants, the Logans, paid plaintiff a part of the demand for the work done under the contract, the amount of this payment being unknown to defendant.

The reply was a general denial of the allegations of the answer.

There was a default as to the Logans ; and subsequently the action was dismissed as to Mrs. Logan. There was a verdict and judgment for plaintiff establishing the lien.

The mechanic's lien in evidence, states, that the various items of the account, the sum of which is $137.50, were furnished under a contract by which Hannon agreed to furnish all the material and do the copper guttering and tin spouting on Gibson's house and stable, and also to furnish the like amount of material and do the like amount of copper guttering and tin spouting on a like dwelling-house and stable belonging to the Logans, '' said dwelling-house being under one roof, and the contract for furnishing all of said material and doing said labor was one and entire, for the agreed price of $275. The two dwelling-houses form one solid row ; and one of the stables is used in connection with, and belongs to, one of said dwellings, and the other stable to the other dwelling-house.''

Plaintiff testified that, at the request of Logan, he made a verbal bid to do the copper and tin work on the Logan house and stable for $137.50, and on the Gibson house and stable for $137.50, or to do both for $275. This bid was

made after the witness had estimated the items of work and
materials on measurements and calculations made by him.
The bid was accepted by Logan. The work was done by
plaintiff. The bill of particulars in the lien is correct, and
the prices charged were the reasonable value of the work
and materials at the time. After the work was done, the
witness ascertained by actual measurement that the work
and labor and materials charged were actually furnished by
him to the Gibson house. The copper was twenty-inch
twelve-pound copper. The contract was not for $275, for
the two houses, but for $137.50 for each. The charge of
fifty cents for nails was not ascertained by separately weigh-
ing the nails used in each house, but by a calculation that
half of the whole quantity of nails furnished must have
gone into each house.

Plaintiff withdrew from the consideration of the jury,
the charge of fifty cents for nails.

Plaintiff introduced in evidence the original petition,
which was filed within the time limited by law. The allega-
tions of this petition were to the effect that plaintiff made
a contract with the Logans to do the coppering and tin
spouting on two dwelling-houses and stables, contiguous to
each other, under the same roof, and forming a solid row;
that the eastern house belonged to the Logans, and the
western house to Gibson; that the Logans had contracted
with Gibson to erect his house and stable; that plaintiff,
under his contract, furnished the guttering and spouting on
the two houses and stables, which was reasonably worth
$275; that each house and stable required an equal amount
of material and labor; that half of the material and labor
was furnished upon the house and stable of Logan, and the
other half on the house and stable of Gibson; that plaintiff
filed his contractor's lien on the Logan premises for one-
half of the claim, and his sub-contractor's lien on the Gib-
son premises for the other half of the total work and
materials. The demand, with its several items, is set out

as an entire claim of $275 ; and judgment is prayed against the Logans for one-half of this, and against the Gibson premises for the other half.

Defendant objected to the oral testimony introduced by plaintiff on the ground that it was incompetent and irrelevant, and at variance with the lien and the allegations of the original petition. The ownership of the premises, and the contract of Gibson with the Logans, was admitted. Defendant offered evidence tending to show that the copper claimed to be twenty-inch copper, was only seventeen inches wide.

Defendant Gibson asked an instruction in the nature of a demurrer to the evidence; and also instructions, that, if the jury find that the copper was only seventeen inches wide, plaintiff cannot recover; that if they so find, there can be no recovery for the copper; and that, if they so find and further find seventeen-inch copper to be worth less than twenty-inch copper, they must find for defendant as to that item. These instructions were all refused.

1. Though the amended petition was filed after the expiration of the time for beginning the action upon the mechanic's lien, the cause of action, that is the labor done and materials furnished, were substantially the same in both petitions. The first petition was not an absolute nullity ; and the lien is not created by the petition, which is a proceeding to continue and enforce the lien. The decisions are in favor of a liberal exercise of the power of amendment to save a limitation ; and where the rights of third persons are not injuriously affected, go to considerable lengths in treating an existing proceeding as a stock whereon to graft an amendment. Where it did not appear in the first petition that the labor and materials were furnished in conformity with the original contract ( *Broderick* v. *Poillon*, 2 E. D. Smith, 554 ; 1 Abb. Pr. 319 ); where no judgment had been asked for a lien ( *Lackner* v. *Turnbull*, 7 Wis. 105); where a new contract was set out in the amended petition

(*Phœnix Ins. Co.* v. *Batchen*, 6 Bradw. 621) ; where the realty was misdescribed ( *O'Leary* v. *Burns*, 53 Miss. 170) ; or insufficiently described (*Duffy* v. *Brady*, 4 Abb. Pr. 432 ; *Mann* v. *Schroer*, 50 Mo. 306) ; the plaintiff has been allowed to amend.

2. The lien is created, not by the contract but by furnishing the materials and doing the labor. The contract relation existing between the owner and the original contractor must exist, of course ; but this was alleged and shown. It is immaterial whether the contract between the original contractor and the subcontractor was to do the entire work upon the two houses for $275, or the work on each house for $137.50, since the evidence was that the work and labor set forth in the account went, not by guess work, but by actual measurement, into the defendant's house. This objection was considered and disposed of in *Hayden* v. *Logan* (9 Mo. App. 492), and we adhere to the views which we expressed in that case. That case was decided with complete advertence to what had been decided, and what had been said in *Schulenberg* v. *Robinson* (5 Mo. App. 564), where we laid down the principle that the person filing a mechanic's lien can not so mingle his claim with other claims as to necessitate a process of separation by the courts, or bring into the suit against the owner issues with which he has nothing to do. That principle is not violated where the lien sets forth that the contract was to do certain work on one house and the same work on another house, both houses being under one roof, and that the contract price for the whole work was a certain sum, and the sum of the items in the lien aggregates one-half of that sum, and the petition claims that the work done on defendant's house was worth the sum set forth in the lien, which amount the contractor agreed to pay, and the evidence is, that the bids accepted, after estimates on each house, was a certain sum for each house, and twice that sum for both houses, and that the work and labor, at the contract price, actually, by

measurement, went into the defendant's house and was worth the amount charged. There is nothing in the present case tending to show that the amount and value of the work and labor on defendant's house was guessed at by measuring and estimating the work on both houses and dividing the result by two.

If ten men own contiguous houses in a row, each owning one house, and the man who has· the contracts for building these houses agrees with a painter, the houses being in all respects alike, to paint each house for $100, or the whole row for $1,000, and the subcontractor files a lien against one house for $100, for painting under this contract, and shows by actual measurement that one-tenth of the whole work went into this house, that the painting was reasonably worth $100, and was worth $100 under the contract, no reason appears why he may not then establish his lien against the one house. The owner can not be prejudiced. If the contract was an entirety and the contractor can defeat the claim, and the owner the lien, for any failure as to any other house of the ten, that is to the advantage of the owner. If the work can be done cheaper on each house where there are ten together, and the contract is to paint ten, that is also to the advantage of the owner. If there was a contract to do a certain piece and definite amount of work on the owner's house for a defined and reasonable price, and that work was done, the owner is not hurt because other work on other houses was done under the same contract.

We see nothing of which defendant can complain. The instruction given for plaintiff was unexceptionable. The instructions refused, were properly refused. There was no evidence that seventeen-inch copper was worth less than twenty-inch copper. The instructions given, required the jury to find that the work was according to contract in all respects ; and there was evidence tending to show that the copper was twenty-inch, as called for by the contract.

The judgment is affirmed. All the judges concur.