THE COMPOUND LUMBER COMPANY, Respondent, v. FEHLHAMMER PLANING MILL COMPANY *et al.*, Defendants; THOMAS C. HIGGINS, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Mechanic's Lien**: ENTIRE CONTRACT FOR BUILDINGS OF DIFFERENT OWNERS. A material man who furnishes under one contract with a subcontractor materials for the buildings of different owners, and receives the acceptance of such subcontractor for the contract price of all the materials, will not be thereby debarred from claiming a mechanics' lien against one of the buildings for the portion of the materials which entered into its construction, if he ascertained that portion before filing his lien and it appears that in contracting he gave credit to the structures.

---

[*] This opinion will be reported in 60 Mo. App. 22.

2. ——— : ——— : LUMPING CHARGE IN BOOKS. Nor will his lien be invalidated by the additional fact that he made a lumping charge of the entire contract price of all the materials furnished by him in his ledger, if the bill of items for each house is segregated in one of his books of original entry.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Rassieur & Schnurmacher* for appellant.

The plaintiff, having confused its six claims by charging them together in one account, and by having accepted from the Fehlhammer Planing Mill Company its one draft for an amount covering its demand against the six independent houses, has failed to preserve the unity and identity of its several claims, and has thereby lost its right to file a lien against any one of the buildings. *Schulenburg & Boeckeler Lumber Co. v. Robinson*, 5 Mo. App. 561; *Reitz v. Ghio*, 47 Mo. App. 287.

*Phillips, Stewart, Cunningham & Eliot* for respondent.

ROMBAUER, P. J.—Four cases, all depending for their determination upon the same facts, are submitted by stipulation of counsel as one case. They are mechanic's lien suits, and were tried by the court without the intervention of a jury, the trials resulting in a judgment for plaintiff upholding the liens. The owner of the property alone appeals, and the only error he assigns is that the evidence does not warrant a judgment of lien against his property.

There is no substantial conflict in the evidence, which establishes the following facts. Tht defendant Higgins is a contractor and builder. In the summer

of 1892, he was engaged in building five houses in the city of St. Louis, four of which he built for himself, and the other for one Dwyer. He ordered the doors for these houses from the defendant, the Fehlhammer Planing Mill Company, and that company gave to the plaintiff, who is doing business in Chicago, an order for part of the work. The order thus given by the defendant to plaintiff stated in a general way the location of the houses, and contained a reference to the defendant Higgins, whose name was set opposite to each location, and the order was entered in that shape upon plaintiff's order book. Whether the order was kept separate for each house in subsequent entries into the plaintiff's journal does not appear, but it does appear that the ledger entry contained only one item of debt, which was the aggregate charge by the plaintiff to the Fehlhammer Planing Mill Company for the entire bill. The doors were shipped by the plaintiff to the Fehlhammer Company as one lot, and a draft was drawn by the plaintiff on said company for the entire amount of the bill, amounting to $876.75. The drawees accepted the draft, but failed to pay it. Upon dishonor of the draft the plaintiff's agent came to St. Louis, and in company of one of the drawee's employees he visited the various houses, and ascertained the number of doors which went into each house. Plaintiff thereupon filed a mechanic's lien account against each house, and upon the trial of the cause it brought the dishonored draft into court and surrendered it for cancellation.

There was some evidence in the case that the credit given by plaintiff was given on account of the structures, and there was also substantial evidence that the number of doors which went into each house could readily be ascertained, and were accurately ascertained prior to the time when the mechanic's lien

account was filed. Such being the facts, the defendant owner contends that the case is one governed by the rule stated by us in *Schulenburg v. Robinson*, 5 Mo. App. 561, wherein this court held that, where the material man fails to preserve the unity of his account, and so mingles it with other accounts that its identity is lost, he loses his lien, and that the owner is not required to enter into an accounting with the material man for the purposes of ascertaining with what proportionate amount of a larger account his property is chargeable. This is unquestionably true, whenever an account kept by the material man includes in one entry the amount sought to be enforced as a lien and other amounts, where notes are taken on the entire account, which are renewed from time to time, and credits given on such notes. Such was the *Schulenburg case*. It nowhere appeared there that, at any time or in any manner, the account against the defendant owner had been segregated from the general account, but the plaintiff claimed a right to segregate it upon the trial, which right the trial court denied. The language used by Judge HAYDEN must be taken in connection with the facts thus shown. All that this court decided in that case was, that, on the evidence disclosing such facts, the trial court could not be put in the wrong for denying plaintiff's lien claim. This is shown by the subsequent ruling in *Hayden v. Logan*, 9 Mo. App. 492, where there was a contract price for one entire job of roofing two houses, one belonging to one person, and one to another, and yet this court permitted the subcontractor to show the reasonable value of his work and material which entered into the construction of one of the houses, that fact being readily ascertained by measurement.

Nor do we see any insuperable obstacle to plaintiff's recovery in the fact, that the charges on plaintiff's

ledger were of a lumping sum for the entire contract. There was substantial evidence in the case tending to show the reasonable value of the material which went into the defendant's houses, and that such reasonable value was within the contract price. There was also substantial evidence to show that the bill of items for each of the houses was segregated on one of the plaintiff's books of original entries, namely, the order book. This was sufficient to individuate the account under the rule stated in *Waterman v. Younger*, 49 Mo. 413, and *Kaufmann Wilkinson Lumber Co. v. Christophel*, *ante*, p. 80. As the plaintiff upon the trial actually surrendered for cancellation the acceptance taken by it from the Fehlhammer Company, we can not see any merit in defendant's contention that the draft could not be surrendered.

As above stated, the only complaint made in this case is the refusal of the court to declare that the plaintiff was entitled to no lien. On such an objection we are bound to take the most favorable view of the plaintiff's evidence, and assume that it establishes facts which it has a tendency to show. Taking that view of the evidence, we are not warranted in disturbing the judgment.

Judgment affirmed. All concur.