THOMAS S. GERHART, Appellant, v. FREDERICK W. FOUT, Respondent.

St. Louis Court of Appeals, November 17, 1896.

Actions, Splitting Causes of: CONSENT OF DEBTOR. A defendant can not invoke the rule against the splitting of a cause of action after he has consented thereto.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

*Merrifield W. Huff* for respondent.

BIGGS, J.—The plaintiff is a real estate and loan broker. In this action he sues to recover commissions on certain loans, and some expenses incurred in making the loans.

The following facts are undisputed:   Sometime in October, 1894, the plaintiff, at the request of defendant, negotiated loans on three separate pieces of property.   The loans were for $4,500 each, and separate mortgages were given to secure each.   One of them was effected on October 11, another on October 12, and the last on October 13, 1894.   The present action was instituted before a justice of the peace to recover commissions on the first two loans.   The amount claimed is $281.

At the same time, and before the same justice, the plaintiff brought another action to recover his commissions and expenses on account of the third loan. The plaintiff recovered a judgment before the justice in both actions. In this case the judgment was for $245, and in the other for $122 debt, and costs. The defendant appealed both cases. to the circuit court. While the suits were pending in the circuit court, the defendant paid the plaintiff $150. Of this amount $122 were by agreement of parties applied as a credit on the smaller judgment, and the residue on the debt now in suit. Subsequently, and prior to the trials of this case, a judgment for one dollar and costs was entered in the other action by consent.

On the trial the plaintiff testified substantially that the loans were separate and distinct, and that each loan was secured by a separate mortgage, each mortgage bearing a different date and covering different property, and that the commissions charged by him were usual and customary. The plaintiff read in evidence the following letter from defendant:

"St. Louis, October 20, 1894.

"*Thos. S. Gerhart, Esq., City.*

"Dear Sir:—Having applied to you for a loan of $13,500 to be made in the shape of three loans, $4,500, on the buildings 4107, 4109, 4111, Finney avenue, said lot having a front of seventy-five (75) on the north of Finney avenue by a depth of equal width one hundred and forty(140) feet, more or less, to an alley, said loans to be made for five years at six per cent per annum, payable semiannually, and having been notified by you that the loan would be accepted, I hereby place in your hands, to be held as collateral security, three deeds of trust for the amount above stated, and I hereby agree to consummate these loans on or before October 27, 1894, and for the making of said loans hereby agree

to pay two and one half per cent; said deeds of trust to be the first liens on property.

"Respectfully,

"FRED'K W. FOUT."

The defendant introduced no evidence. No instructions were asked or given, and no exceptions were saved to the admission or exclusion of evidence. The court sitting as a jury entered a judgment for the defendant. The plaintiff appeals, and insists that under the law and evidence the judgment should have been for him.

When a case has been tried without error, the judgment will be upheld if it can be done on any theory of law consistent with the evidence. The trial judge was evidently of the opinion that the plaintiff had a single cause of action, that in bringing the suits he had split his demand, and, one of the suits having ripened into a judgment, the other must be dismissed.

It may be conceded that the letter read in evidence by the plaintiff tends to support the theory of but one demand and one cause of action, but is not the defendant, under the circumstances of the case, precluded from taking advantage of plaintiff's mistake,—conceding it to have been a mistake? We think that he is. The two suits were instituted at the same time, and both were pending in the circuit court on appeal when the defendant made the payment of $150. According to the undisputed evidence he consented that the money, to the extent of $122, might be applied on the smaller claim, and that the remainder be credited on the demand here in suit, all of which was done. Thus he admitted that in the present action the plaintiff had a just and separate demand against him, and that suit was properly brought thereon; and in the other case he allowed judgment to go, thereby admitting in the

most formal way that that suit was likewise properly brought. The rule is not, as the trial court seemed to have assumed, that a person can not split his cause of action, but that he can not split it *without his debtor's consent.* It is a matter which concerns the debtor and creditor alone. *Fourth National Bank v. Noonan,* 88 Mo. 372-377. Here the evidence is undisputed that the debtor did consent to a division, and did not object to the payment of the debt in fractions.

We conclude that the trial court, in disposing of the case, did not consider the view presented by us, and, therefore, reached a conclusion that is not supported by the law and evidence. Judgment reversed and cause remanded. All the judges concur.