THOMAS S. GERHART, Respondent, v. FREDERICK W. FOUT, Defendant; JAMES F. BRADY, Appellant.

St. Louis Court of Appeals, November 9, 1897.

1. **Judgment:** MOTION TO QUASH EXECUTION: JURISDICTION. Where the circuit court has jurisdiction of the parties and the subject-matter, its judgment can not be reviewed on a motion to quash the execution. If the judgment rendered by the circuit court was erroneous the proper remedy was by appeal from the judgment.

2. ———: ———: EXTRINSIC EVIDENCE: ADMISSIBILITY. As the judgment was at most "error or illegal allowance," the refusal of the court to admit extrinsic evidence, offered by defendant on the motion to quash the execution, to show that, in fact, he never consented to the rendition of the judgment, was not error.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*Blevins & O'Brien* for appellant.

The court had no jurisdiction to enter judgment against Brady. *Foo Long v. American Surety Co.*, 146 N. Y. 255; *Johnson v. Flint*, 34 Ala. 673; *Nofsinger v. Hartnett*, 84 Mo. 549; *Brewing Co. v. Talbot*, 125 *Id.* 388; *Schuester v. Weiss*, 114 *Id.* 158; *Ludlow v. Simon*, 2 Caine's Cases, 1; *State v. Medary*, 17 Ohio St. 365;

Brandt on Sur. and Guar., secs. 97, 452, 453, 426, 459, and citation; Bayl. on Sur., secs. 144, 145, 260.

The surety on the appeal bond is bound only where there is an affirmance of the judgment of the justice, or where upon a trial *de novo* judgment is against appellant. R. S. 1889, sec. 6339.

The arrangement of the parties, without the consent of the surety, that judgment should be entered and execution stayed for ninety days, operated as a release of the surety. See authorities cited, *supra*.

An execution issued on a void judgment, as in the case at bar, will be quashed on motion of party interested. He will not be driven to proceedings in equity. *James & Ray, ex parte,* 59 Mo. 280; 8 Ency. Pl. and Prac. 469.

*T. J. Rowe* for respondent.

Errors or irregularities in proceedings leading to a judgment can not be corrected on a motion to quash the execution. *Adams v. Tracy,* 13 Mo. App. 578; *Irving v. Donelly,* 20 *Id.* 6; *Horstmeyer v. Connors,* 51 *Id.* 394; *Sappington v. Lenz,* 53 *Id.* 44; *Kansas City v. Muner,* 58 *Id.* 299.

In the absence of fraud or treachery on the part of their attorney, the parties are bound by his acts or omission, and the circuit court in this case rightly assumed, on the hearing of the motion to quash, that Mr. Huff had authority to represent all the parties. *McDonough v. Daly,* 3 Mo. App. 606; *Boyd v. R. R.,* 84 Mo. 615; *State v. Lewis,* 74 *Id.* 222; *Schaefer v. Siegel & Bobb,* 9 Mo. App. 594; *Barlow v. Steel,* 65 Mo. 611; *Letcher v. Letcher,* 50 *Id.* 137.

BOND, J.—This action was begun before a justice of the peace for services in procuring a loan upon defendant's real estate. Plaintiff had judgment for $245, from which defendant appealed to the circuit

court, where defendant had judgment, from which plaintiff appealed to this court, where the same was reversed and the cause remanded.    (67 Mo. App. 423). Thereafter, upon a stipulation filed in said cause, the following judgment was entered in the circuit court:

"Now at this day come said parties, by their respective attorneys, and consenting and agreeing thereto, it is considered and adjudged by the court that plaintiff have and recover of defendant and James F. Brady, the security on the appeal bond herein, the sum of $227.75, for his debt and for his costs and charges in this behalf expended, and that he shall have execution therefor, and that said execution is stayed ninety days from this date."

On the ninth day of May, 1897, plaintiff caused an execution to be issued on said judgment, returnable to the October term, 1897, of said court.    On the seventeenth day of June, James F. Brady filed a motion to quash said execution, alleging as grounds therefor: *First*, that the judgment upon which it was issued was void as to him; *second*, that the court had no authority to enter judgment against him; *third*, that the judgment was entered without his consent or knowledge, and without a trial of the issues; *fourth*, that the stipulation staying the execution for ninety days was without his consent and authority, thereby rendering the judgment void.    Upon the hearing of the motion to quash the same was overruled, from which defendant appealed to this court.

The defendant has mistaken his remedy.    A motion to quash an execution in a case like the present does not lie where the judgment is only voidable.    To authorize such a motion it must appear from the face of the judgment entry that the court was either without jurisdiction of the subject-matter or the parties.    In

JUDGMENT: motion to quash execution: jurisdiction.

other words, that the judgment was a mere nullity. The reason of this rule is, that erroneous or voidable judgments may be corrected either upon appeal or by equitable interference.    They are not subject, after the lapse of the term at which they are rendered, to a collateral attack by a motion to quash the execution issued upon them. *Horstmeyer v. Connors*, 51 Mo. App. 394; *Sappington v. Lenz*, 53 Mo. App. 44. In the case at bar the circuit court was possessed of jurisdiction both of the subject-matter of the suit and the parties thereto, when the appeal was taken to it from the judgment rendered by the justice and a transcript of the proceedings before him accompanied by the recognizance signed by defendant, was filed therein. It had thereafter statutory authority to render judgment upon an affirmance, or new trial, both against the appealing defendant and his surety.    The latter being by virtue of his suretyship a *quasi* party had the right to object to a judgment not authorized by his recognizance or to appeal from it. *Bailey v. Rosenthal*, 56 Mo. 385.    This relationship also entitled him to consent, as he presumably did, to a judgment.    According to the tenor of the judgment rendered in this case it was entered by the consent of the original defendant and his surety.    It may be conceded that without his consent the judgment was erroneous as to the surety, but there is an essential difference between an erroneous judgment and one which is void on its face.    The former can not be attacked collaterally; the latter is open to collateral attack. *Meyer v. Miller*, 55 Mo. App. *loc. cit.* 343; *Wise v. Loring*, 54 Mo. App. *loc.cit.* 262.

As the judgment under review was at most the result of "error or illegal allowance," the court did not err in refusing to permit the extrin-

JUDGMENT: motion to quash execution: extrinsic evidence: admissibility.

sic evidence offered by defendant on the trial of the motion to show that

he in point of fact never consented to the rendition of the judgment in this case.

Finding no reversible error in the record, the judgment of the circuit court is affirmed. All concur. Judge BIGGS in the result.