SARAH JAMESON, Respondent, v. M. HILTON, Defendant; JOHN H. KINSEY, Appellant.

St. Louis Court of Appeals, October 23, 1900.

1. Judgment of Dismissal: MOTION TO SET ASIDE SAME AND REINSTATE CAUSE  AFTER LAPSE OF TWO TERMS.  Under the rule limiting the power of courts over their judgments or decrees regularly rendered to the duration of the term at which they are entered, the judgment of the trial court setting aside its previous dismissal of plaintiff's action and reinstating the same was a simple nullity for want of jurisdiction to render it.

2. ———: ———: ———: MOTION TO QUASH EXECUTION.  The action of the court reinstating plaintiff's suit after the lapse of two terms being a nullity, the judgment of the circuit court affirming the judgment of the justice and the judgment rendered against the surety on defendant's appeal bond was also a nullity and the surety's motion to quash the execution issued against such surety should have been sustained.

Jameson v. Kinsey.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin E. Ferris,* Judge.

REVERSED AND REMANDED (*with directions*).

*Benj. J. Klene* for appellant.

It is familiar and elementary doctrine, that after the term has elapsed at which a final judgment is rendered, the court possesses no further control or juridsiction over the cause; it has no power to reinstate the cause on the docket, or take any further proceedings therein. 1 Free. on Judg. (4 Ed.), secs. 70 and 96; Danforth v. Lowe, 53 Mo. 217; Mfg. Co. v. Baker, 35 Mo. App. 217; 1 Black on Judg., p. 381, sec. 306. The same rule has been declared under different circumstances, thus: Prohibition to prevent the filing of a motion for a new trial after four days. State ex rel. v. Valliant, 123 Mo. 538. Prohibiting an amendment to a motion for a new trial after four days. Bank v. Burnett, 138 Mo. 494; City of St. Joseph v. Robison, 125 Mo. 1; McCarthy v. O'Bryan, 137 Mo. 584. "After the end of the term all final judgments and decrees of the court have passed beyond its control." Childs v. Railroad, 117 Mo. 414; State ex rel. v. Walls, 113 Mo. 46; Gratiot v. Railroad, 116 Mo. 450. The court can not set aside at a subsequent term a decree because the same was not warranted by the pleadings. Hall v. Lane, 123 Mo. 633. An "irregular judgment must be corrected on error." Gray v. Bowles, 74 Mo. 419. Motion to recall and quash execution is the proper way to test jurisdictional questions. Ewing v. Donnelly, 20 Mo. App. 6; Horstmeyer v. Connors, 51 Mo. App. 394.

No brief furnished for respondent.

BOND, J.—Plaintiff had judgment against defendant

in a justice court for $250.   John H. Kinsey became surety
on an appeal bond given by defendant to take the case to the
circuit court, which court on defendant's motion subsequently
ruled plaintiff to give security for costs, and upon his failure
to comply with such order sustained a motion to dismiss the
cause and awarded execution.   After the lapse of two regular
terms of court following the dismissal of his suit, plaintiff
filed a motion to set aside the judgment of dismissal and
reinstate the cause.   No notice of this motion was given to
defendant, but it was sustained, and thereupon the court
affirmed the judgment of the justice and gave judgment for
the amount thereof against John H. Kinsey, the surety on
defendant's appeal bond, and awarded execution.   The said
surety moved to quash this execution, appearing specially for
that purpose only.   His motion was overruled, and he ap-
pealed to this court.

The action of the learned circuit judge can only be
upheld on the theory of the correctness of his ruling in setting
aside the judgment of the dismissal of plaintiff's suit and the
reinstatement thereof upon the motion to that effect made by
plaintiff during the third term of court following that in
which the final judgment of dismissal had been entered.   If
he had the power to take this course, the judgment of affirm-
ance thereafter was entirely valid, and there was no error in
denying a motion to quash an execution issued thereon.   It
is insisted that the statute permitting a motion to set aside a
judgment in any court of record for "irregularity" if made
within three years after the term at which the judgment was
rendered (R. S. 1899, sec. 795), entitled the motion in ques-
tion to be filed in this case, and that the circumstances attend-
ing the dismissal of plaintiff's suit constituted an "irregu-
larity" in the statutory sense.   We are unable to concur in
this view.   Clearly it was error on the part of the trial court.
to require plaintiff, who was the appellee in a case originating

Jameson v. Kinsey.

before a justice, to give security for costs, since the statute expressly exempted the plaintiff from such a requirement (R. S. 1899, sec. 1544). Nor should the suit of plaintiff have been dismissed for noncompliance with the order as to costs. But each of these rulings of the trial court were regularly made while it was in full possession of jurisdiction of the persons of the litigants and the subject-matter of the action, and might have been corrected upon appeal or writ of error. Neither of them were "irregularities" on the face of the proceedings subjecting the judgment to attack by motion filed within three years after its rendition. For the court did not violate any *"prescribed rule or mode of procedure"* in its ruling on the motion for costs, or in its dismissal of the suit. It simply erred as to both in a matter of law. Such errors of judicial discretion are not correctable after the lapse of the term under the authority given by the statute to set aside judgments for "irregularity." State ex rel. Ozark County v. Tate, 109 Mo. loc. cit. 270; Orvis v. Elliott, 65 Mo. App. loc. cit. 100-101; Harbor v. Railroad, 32 Mo. 423; Hirsh v. Weisberger, 44 Mo. App. loc. cit. 509; Danforth v. Lowe, 53 Mo. 217; State ex rel. v. Harper, 56 Mo. App. 611. It follows that, under the rule limiting the power of courts over their judgments or decrees, *regularly* rendered, to the duration of the term at which they are entered (in the absence of a motion filed at that term and continued over), the judgment of the trial court setting aside its previous dismissal of plaintiff's action and reinstating the same, was a simple nullity for want of jurisdiction to render it, and therefore the motion to quash an execution issued thereon should have been sustained. James and Ray, Ex parte 59 Mo. 280; Gerhart v. Brady, 72 Mo. App. 138, and cases cited.

The judgment of the circuit court is reversed and the cause remanded, with directions to proceed in conformity with this opinion. All concur.