LOUIS H. PUTTHOFF and MARIE PUTTHOFF, Appellants, v. HARRY B. WALKER, as Trustee for S. E. COBB, and S. E. COBB, Respondents.

In the Kansas City Court of Appeals, March 5, 1923.

1. **CAUSE OF ACTION:** Splitting of Action: Bills and Notes: Judgment: Waiver: Where Obligors Allowed Judgment by Default upon Note to be Rendered for Installments Due, They Waived Any Right to Complain of Splitting of Cause of Action for Entire Amount of Note. Where a promissory note, secured by a deed of trust, was payable in monthly installments, and provided that default in payment of any installment or interest when due, the remaining installments should become due and payable, *held* that the obligors of note by allowing judgment to be rendered by default in an action by the holder of the note for installments due, but not for those thereafter becoming due, waived any right to complain of the splitting of the cause of action and to maintain that the judgment on the installments due thereby merged the entire note into the judgment, entitling plaintiffs to cancellation of note and discharge of the lien of the deed of trust upon payment of the judgment.

2. **BILLS AND NOTES:** Optional Provisions: Failure to Pay Installments Due, Held Not to Render Remainder of Note Due Where Holder Does Not Exercise His Option of Collecting Entire Note. Where an installment note contained a clause that upon failure to pay any installment, or interest, when due, the remaining installments would become due and payable, did not, upon default in payment of installments, render the entire note due, in the absence by holder of note to exercise his option of collecting the whole amount of note.

Appeal from the Circuit Court of Jackson County.— *Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Marley & Reed* for appellants.

*Fyke, Snider & Hume* for respondents.

ARNOLD, J.—This is a suit in equity wherein plaintiffs seek to have surrendered, cancelled and adjudged to be void, a certain note and deed of trust securing the payment thereof.

The facts disclosed by the record are that on September 21, 1917, plaintiffs made, executed and delivered to the Commerce Trust Company of Kansas City, Mo., their promissory note, in which, for value received, they promised to pay the said Commerce Trust Company the sum of $1250 and interest, in monthly installments; beginning on the first day of October, 1917, $25, and a like amount on each succeeding month thereafter, until the full amount was paid. Among other things, the note contained the following provision: "If default is made in the payment of any installment, or interest when due, then all the remaining installments shall become due and payable at once."

As security for the payment of said note and interest, the makers thereof executed a deed of trust in the usual form, conveying to Harry B. Walker, as trustee for the payee of said note, its endorsees and assigns, a certain lot in the Resurvey of Kemper Heights, an addition to Kansas City, Missouri. The makers of the note defaulted in the payment of the installments and interest due under the terms of the principal note on the first days of October, November and December, 1917, and January, 1918.

The payee of said note assigned same to S. E. Cobb who was the owner and holder thereof on April 15, 1918, on which date suit was instituted by Cobb in a justice court to recover the four installments then due. Judgment was rendered thereon in favor of Cobb. On June

11, 1918, defendants in said suit tendered plaintiff therein the full amount of said judgment and costs and asked Cobb to accept same and release of record the deed of trust. Cobb refused and this suit was instituted. Thereafter Cobb did accept the amount of the judgment and satisfied of record said judgment and costs, but refused to release the deed of trust.

The amended petition sets out facts substantially as detailed above, and to this amended petition defendants demurred, on the ground that it failed to state a cause of action. The demurrer was sustained, plaintiffs refused to plead further and judgment was entered dismissing plaintiff's bill. Plaintiffs perfected their appeal to the Supreme Court where it was held that the suit does not involve title to real estate; and the cause accordingly was transferred to this court.

There is nothing before us but the record proper. The position of plaintiffs is, that because of default in the payment of the four installments above mentioned, the entire note had matured; and that defendant Cobb, having elected to sue on the four installments then in default, could not split his cause of action which was then the entire note; and that the judgment on the four installments merged the entire note into the judgment, and when the judgment was paid the lien of the deed of trust was thereby discharged. This contention, of course, defendants refute.

It is urged by defendants, and so stated in their brief, that plaintiffs stood by after having been summoned to answer to the suit filed before a justice and allowed judgment to go by default, thereby admitting in the most formal way that the suit was properly brought.

While the petition does not say that the judgment in the justice court was obtained on default of defendants therein, in the face of undenied statements of defendants herein that it was so secured, it may be accepted as a fact. This being the case, defendants are right in

their contention that plaintiffs thereby admitted that suit was properly brought. They may not now take advantage of such dereliction.

A similar situation was before the court in Gerhart v. Fout, 67 Mo. App. 425, et seq., where it is said: ". . . he allowed judgment to go, thereby admitting in the most formal way that that suit was likewise properly brought. This rule is not, as the trial court seemed to have assumed, that a person cannot split his cause of action, but that he cannot split it *without his debtor's consent.* It is a matter which concerns the debtor and creditor alone. [Fourth National Bank v. Noonan, 88 Mo. 372, 377.]"

Here, the record shows that plaintiffs herein, without objection, allowed the judgment in the justice court in favor of plaintiff Cobb, to go by default, thereby consenting to a "split action." They cannot now complain. It is too late. In the case of Bank v. Noonan, supra, the court said, l. c. 377: "If he sees fit, he may waive his right to resist payment in fractions. He may consent to the partial assignment, and if he does, he ought not to be heard to complain."

Under the facts in this case, as shown by the record, we must hold that plaintiffs waived any right to complain of the splitting of the action. It was held in Christopher et al. v. Kelly, 91 Mo. App. 93, l. c. 97:

"This court has long been committed to the doctrine that the rule against splitting an account will not be applied where no injury can accrue to the debtor or a second claim be made for the same demand, if its application will defeat the statutory lien in favor of mechanics and materialmen. [Hayden v. Logan, 9 Mo. App. 492; Lumber Co. v. Planing Mill Co., 59 Mo. App. 661; Lumber Co. v. Nelson, 71 Mo. App. 110; Kick v. Doerste, 45 Mo. App. 134.] We are unwilling to depart from the doctrine laid down in those decisions or cast doubt on its soundness, as it was established in aid of the remedial lien laws and is, in our opinion, perfectly sound."

In the case at bar it must be admitted that plaintiffs suffered no injury from the splitting of the action, if such it was. In Hayden v. Logan, 9 Mo. App. 492, l. c. 494, the court said:

"It is contended that plaintiffs ought not to be permitted to split their demand. But this rule is not of universal application; and where no injury can accure to the debtor, and there can be no second claim for the same demand, it ought not to be applied for the purpose of defeating a remedy given by the statute. [Beardslee v. Morgner, 4 Mo. App. 139.]"

Also, in Edmonston v. Jones, 96 Mo. App. 83, l. c. 91, we find:

"On the other hand, even the splitting of the cause of action amounts to nothing if the party affected thereby consents to it. . . . Even where a party splits his cause of action indeed, but without knowledge of facts to charge him with the legal consequences of doing so, the doctrine invoked by plaintiff has been held inapplicable. [Moran v. Plankington, 64 Mo. 337.]"

It is insisted by plaintiffs that the maturity of the note was accelerated by the failure of the makers to meet the monthly installments, under the precipation clause contained therein, and it is argued that the entire note automatically became due when the delinquency in payments occurred. But this position is held to be untenable. It is the established and almost universal rule that the acceleration clause is not self-executing, and that it merely confers an option upon the holder to treat the debt as due. [Bank v. Reid, 59 C. C. A., 123 Fed· 221; Gillette v. Hodge, 170 Fed. 314; Chicago R. R. Equipment Co. v. Bank, 136 U: S. 268, 10 Sup. Ct. Rep. 999.]

There is no claim by plaintiffs that defendants exercised, or attempted to exercise, the option to declare the note due, upon default of plaintiffs in the monthly installments. The action of defendants, indeed, points to the contrary. Since, the above ruling the acceleration

clause was not self-executing, and there is no charge that defendants did exercise their rights under the clause, we must hold against plaintiffs on this contention.

Finally, plaintiffs urge that if there was a mistake on the part of defendants in suing on the installments, instead of upon the whole note, it was purely a mistake of law and not of fact; that equity follows the law, and for any mistake of law on the part of defendant Cobb, when he elected to sue on the four installments at a time when he was bound to know, as a matter of law, that the entire note was due, equity will grant him no relief.

The fallacy of this argument lies in the assumption that the acceleration clause in the note is automatic and operates against defendant Cobb, whether he would or not avail himself of the provisions of said clause. Under the rulings above cited, the application of the provisions of the acceleration clause in the note was optional with the holder of the note, and as the petition herein shows that he did not choose to exercise that right, we must hold that the court below did not err in sustaining the demurrer to the petition.

The judgment is affirmed. All concur.